E FILED ON 8/30/10
THOMAS E. CROWE, ESQ.
THOMAS E. CROWE PROFESSIONAL
LAW CORPORATION
tcrowelaw@yahoo.com
2830 S. Jones Blvd., Suite 3
Las Vegas, Nevada 89146
(702) 794-0373
Attorney for Debtor-in-possession
Nevada State Bar no. 3048

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re: | ) | BANKRUPTCY NUMBER: |
| | ) | BK-S-09-28379-MKN |
| CARL BASSETT, | ) | Chapter 11 |
| | ) | |
| | ) | |
| Debtor. | ) | Date: 9/1/10 |
| | ) | Time: 9:30 a.m. |

## MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTOR'S FIRST MODIFIED PLAN OF REORGANIZATION DATED MAY 13, 2010

COMES NOW, Debtor, by and through his attorney, THOMAS E. CROWE, ESQ., and files this memorandum in support of confirmation of his First Plan of Reorganization Dated May 13, 2010 [hereinafter referred to as the "Plan"].

### I. SEC. 1129(a) REQUIREMENTS

A. <u>Plan Compliance</u>

In <u>Kane v. Johns Manville Corp.</u>, 843 F.2d 636 (2nd Cir. 1988), the Circuit Court described 11 U.S.C. §1129(a)(1) as "one of the least important" of the requirements of §1129. Nevertheless, Debtor's Plan <u>does</u> include all of the mandatory provisions of 11 U.S.C. §1123(a). The Plan

designates classes of claims, all of which are deemed impaired, and provides for the treatment of each, including adequate means for the Plan's implementation, e.g., by periodic payments, adjustments to interest rates, and modification and retention of liens, as well as commitment of disposable income.

Debtor has also committed, under 11 U.S.C. §1123(a)(8), to pay disposable income as determined under §1325(b0(2). (See 11 U.S.C. §1129(a)(15)(B) and Debtor's Schedules I and J.) See discussion under Section O of this Memorandum.

B. Proponent Compliance with the Code

Debtor has complied with all applicable provisions of the Code. In particular, Debtor has moved the Court for all appropriate retention of professionals, has moved for appropriate use of cash collateral, has filed all required monthly operating reports, and has not filed a prior bankruptcy which would have impeded his ability to be discharged.

C. Good Faith

Debtor's Plan has been proposed in good faith. Cf. In re Corey, 892 F.2d 829 (9th Cir. 1989). In particular, Debtor filed this case in an attempt to satisfy secured claims, to avoid destructive foreclosure, and to pay a fair and substantial amount to his unsecured creditors over a five-year commitment period. Debtor has acted with honesty and only good intentions. See Kane v. Johns Manville Corp., 843 F.2d 636 (2nd Cir. 1988),

D. Sec. 330

All payments to professionals remain subject to Court approval and will be determined at a hearing already scheduled for September 15, 2010, at 9:30 a.m..

E. Disclosure of Insiders

Debtor neither employs nor has professionally retained any insider for compensation either

pre- or post-confirmation.

    F.   Government Regulatory Approval

Not applicable.

    G.   Best Interest of Creditors Test

The Plan complies with the requirements of 11 U.S.C. §1129(a)(7)(A)(ii) in that each holder of a claim will retain not less than it would have received in a Chapter 7 liquidation. See Liquidation Analysis in Disclosure Statement, at p.14.

    H.   Acceptance by All Impaired Classes

Debtor does not meet this requirement since class 2-B has not voted to accept or reject the Plan.

    I.   Priority Creditors

The only priority claims in this case are administrative expenses, including attorney fees and U.S. Trustee fees under 11 U.S.C. §507(a)(2). See §1129(a)(9)(A). Debtor's Plan provides for payment in cash of such fees upon the effective date of the Plan. Debtor's attorney may agree to a deferral which will be disclosed to the Court.

    J.   Acceptance by at Least One Class

As discussed in Paragraph H above, Debtor's Plan has been accepted by all Classes, except for Class 2-B, which did not vote.

    K.   Feasibility

See income projection, Exhibit 1 and Section O infra.

    L.   Filing Fees and United States Trustee's Quarterly Fees

Debtor has paid all required fees under 28 U.S.C. §1930.

    M.   Retirement Plans

Not applicable.

N. <u>DSO</u>

Not applicable.

O. <u>Disposable Income</u>

Debtor proposes to pay more than "projected disposable income" in this Plan. This term bears the definition given to it in 11 U.S.C. §1325(b)(2). <u>See</u> 11 U.S.C. §1129(a)(15)(B). Section 1325(b)(2) contains the disposable income definition which was in use before the §707(b) provisions were added and made applicable to above-median debtors in the year 2005. Debtor is an above-median debtor. Curiously, however, 11 U.S.C. §1325(b0(2) refers to "current monthly income" as the starting point for determining "disposable income." "Current monthly income" is defined, in 11 U.S.C. §101(10A), as debtor's "average monthly income from all services . . . derived during the 6-month period ending on . . . the last day of the calendar month . . . preceding the date of commencement of the case . . . ." In this case, such period would have run from August 1, 2008 through January 31, 2009. Debtor did file the B22 form showing this current monthly income. <u>See</u> Exhibit 2. Unfortunately this form shows only gross income from all sources without expenses. The amended schedules I and J (Exhibit 3) give a more accurate representation of Debtor's post-petition earnings and, as in the case of a Chapter 13 filed prior to BAPCPA, will control the determination of "projected disposable income" of the Debtor. <u>See</u> H.R. Rep. No. 31, 109th Cong.; 1st Sess. 321 (2005). In this case, debtor's intent is to pay the required amount to creditors within the 60-month period used to determine the "projected" income and thus to be discharged in five years. Debtor is employed as an appraiser, an occupation which appears resistant to recessionary pressures. The current booming market for short sales has contributed to the feasibility of Debtor's proposed payment plan.

P. <u>Transfers</u>

The Plan does not contemplate transfers of property.

## II. SECTION 1129(b)

Debtor believes the Plan is "fair and equitable" under 11 U.S.C. §1129(b)(1) because of the following features of the Plan. Holders of secured claims under the Plan shall retain their liens, as modified in amount until such time as the value of each holder's interest in the estate's interest in such property is paid in full. Appropriate market interest is provided.

Since all unsecured creditors have approved the Plan, "cramdown" would not appear necessary under 11 U.S.C. §1129(b)(2)(B)(ii). Although Debtor proposes to retain property under the Plan and not to pay more than $67,200.00 to unsecured creditors, Debtor is permitted to do so as individual debtors. The absolute priority rule has been abrogated for individuals. Debtor submits that since §1115 applies to "all property of the kind specified in section 541," Debtor is allowed to retain all real and personal property scheduled subject to paying over disposable income and of course meeting liquidation value. See <u>In re Goldstein</u>, 2007 WL 1970263 (Bankr. C.D. Cal. 2007) (all property under §541 included).

## III. CONCLUSION

Debtor requests, based upon the foregoing, that the Court (1) confirm the Plan as binding on Debtor and the creditors, (2) order vesting of all properties in the Debtor subjects to liens as modified, (3) allow conforming documents (<u>i.e.</u>, new notes and deed of trust) to be prepared, executed, and

/ / /

/ / /

recorded, and (4) set conditions for the Debtor to receive their discharge upon completion of payments "under the Plan." See 11 U.S.C. §1141(a) and (d)(5)(A).

DATED this 30th day of August, 2010.

Respectfully Submitted,

THOMAS E. CROWE PROFESSIONAL
LAW CORPORATION


By  /s/ THOMAS E. CROWE
    THOMAS E. CROWE, ESQ.
    2830 S. Jones Blvd.
    Suite 3
    Las Vegas, NV   89146
    Attorney for Debtors-
    in-possession

###

# EXHIBIT 1

## SCHEDULE OF MONTHLY CASH FLOWS FOR 5 FUTURE YEARS

| | 2010-2011 | 2011-2012 | 2012-2013 | 2013-2014 | 2014-2015 |
|---|---|---|---|---|---|
| **Projected Income:**[1] | | | | | |
| 1. Salary/Wages/Net Income | $9,625.00 | $9,815.00 | $10,005.00 | $10,195.00 | $10,385.00 |
| 2. Rents: | $1,100.00 | $1,122.00 | $1,144.00 | $1,166.00 | $1,188.00 |
| 3. Other: | | | | | |
| TOTAL: | $10,725.00 | $10,937.00 | $11,149.00 | $11,361.00 | $11,573.00 |
| **Projected Expenditures:**[2] | | | | | |
| 1. Rent or home mortgage payment: (Principal residence) | $1,815.00 | $1,850.00 | $1,885.00 | $1,920.00 | $1,955.00 |
| 2. Utilities: | | | | | |
| a. Electricity and heating fuel: | $300.00 | $306.00 | $312.00 | $318.00 | $324.00 |
| b. Water and Sewer: | $52.00 | $53.00 | $54.00 | $55.00 | $56.00 |
| c. Telephone: | $140.00 | $143.00 | $146.00 | $149.00 | $152.00 |
| d. Other: Cable/Internet | $100.00 | $102.00 | $104.00 | $106.00 | $108.00 |
| 3. Home maintenance (repairs and upkeep): | $50.00 | $51.00 | $52.00 | $53.00 | $54.00 |
| 4. Food: | $900.00 | $918.00 | $936.00 | $954.00 | $972.00 |
| 5. Clothing: | $100.00 | $102.00 | $104.00 | $106.00 | $108.00 |
| 6. Laundry and dry cleaning: | $50.00 | $51.00 | $52.00 | $53.00 | $54.00 |
| 7. Medical and dental expenses: | $150.00 | $153.00 | $156.00 | $159.00 | $162.00 |
| 8. Transportation (not including car payment): | $300.00 | $306.00 | $312.00 | $318.00 | $324.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc.: | | | | | |
| 10. Charitable contributions: | $800.00 | $816.00 | $832.00 | $848.00 | $864.00 |
| 11. Insurance (not deducted from wages or included in home mortgage) | | | | | |
| a. Homeowner's or renter's: | $52.00 | $53.00 | $54.00 | $55.00 | $56.00 |
| b. Life: | $110.00 | $112.00 | $114.00 | $116.00 | $118.00 |
| c. Health: | $300.00 | $306.00 | $312.00 | $318.00 | $324.00 |
| d. Auto: | $166.00 | $169.00 | $172.00 | $175.00 | $178.00 |
| e. Other: | | | | | |
| 12. Taxes (not deducted from wages or included in home mortgage):[3] (specify) | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 |

| | | | | | |
|---|---|---|---|---|---|
| 13. Other installment payment: | | | | | |
| a.   1777 Baja Mortgage | $1,935.00 | $1,964.00 | $1,993.00 | $2,022.00 | $2,051.00 |
| b.   2300 E. Silverado Ranch | $636.00 | $643.00 | $650.00 | $657.00 | $664.00 |
| b.   Auto payment | $286.00 | $292.00 | $298.00 | $304.00 | $310.00 |
| 14. Alimony, maintenance, and support paid to others: | | | | | |
| 15. Payments to support of additional dependents not living at your home: | | | | | |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement):[4] | $500.00 | $520.00 | $540.00 | $560.00 | $580.00 |
| 17. Other: | | | | | |
| 18. Average monthly expenses (total lines 1-17): | $9,742.00 | $9,910.00 | $10,078.00 | $10,246.00 | $10,414.00 |
| 19. Statement of monthly net income | | | | | |
| a.   Average monthly income: | $10,725.00 | $10,937.00 | $11,149.00 | $11,361.00 | $11,573.00 |
| b.   Average monthly expenses (from line 18): | $9,742.00 | $9,910.00 | $10,078.00 | $10,246.00 | $10,414.00 |
| c.   Monthly net income (a. minus b.): | $983 | $1,027.00 | $1,071.00 | $1,115.00 | $1,159.00 |
| Summary of PDI by year: | $11,796.00 | $12,324.00 | $12,852.00 | $13,380.00 | $13,908.00 |
| TOTAL PDI: | $64,260.00 | | | | |

1= income is projected to increase at 2% per annum based on historical norms (incomes fell in 2009.)
2= generally based upon 2% inflation estimate.
3= tax increases limited by loss carry forwards.
4= home maintenance costs for rentals, as properties age; are expected to increase beyond normal inflation.

# EXHIBIT 2

B22B (Official Form 22B) (Chapter 11) (01/08)

In re __BASSETT, CARL A.__
           Debtor(s)

Case number: __09-28379__
           (If known)

# CHAPTER 11 STATEMENT OF CURRENT MONTHLY INCOME

In addition to Schedules I and J, this statement must be completed by every individual chapter 11 debtor, whether or not filing jointly. Joint debtors may complete one statement only.

| | Part I. CALCULATION OF CURRENT MONTHLY INCOME | | | | |
|---|---|---|---|---|---|
| 1 | Marital/filing status. Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☐ Unmarried. Complete only Column A ("Debtor's Income") for Lines 2-10.<br>b. ☐ Married, not filing jointly. Complete only Column A ("Debtor's Income") for Lines 2-10.<br>c. ☒ Married, filing jointly. Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for lines 2-10. | | | | |
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | | | Column A Debtor's Income | Column B Spouse's Income |
| 2 | Gross wages, salary, tips, bonuses, overtime, commissions. | | | $6,083.34 | $0.00 |
| 3 | Net income from the operation of a business, profession, or farm. Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 3. If more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. | | | | |
| | a. | Gross receipts | $0.00 | | |
| | b. | Ordinary and necessary business expenses | $0.00 | | |
| | c. | Business income | Subtract Line b from Line a | $0.00 | $1,101.00 |
| 4 | Net rental and other real property income. Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. Do not enter a number less than zero. | | | | |
| | a. | Gross receipts | $2,150.00 | | |
| | b. | Ordinary and necessary operating expenses | $0.00 | | |
| | c. | Rent and other real property income | Subtract Line b from Line a | $2,150.00 | $0.00 |
| 5 | Interest, dividends, and royalties. | | | $0.00 | $0.00 |
| 6 | Pension and retirement income. | | | $0.00 | $0.00 |
| 7 | Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that Do not include alimony or separate maintenance payments or amounts paid by the debtor's spouse if Column B is completed. | | | $0.00 | $0.00 |
| 8 | Unemployment compensation. Enter the amount in the appropriate column(s) of Line 8. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below: | | | | |
| | Unemployment compensation claimed to be a benefit under the Social Security Act | Debtor $0.00 | Spouse $0.00 | $0.00 | $0.00 |

B22B (Official Form 22B) (Chapter 11) (01/08)     2

| | | | | |
|---|---|---|---|---|
| 9 | Income from all other sources. Specify source and amount. If necessary, list additional sources on a separate page. Total and enter on Line 9. Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | | | |
| | a. | | 0 | |
| | b. | | 0 | |
| | Total and enter on Line 9 | | $0.00 | $0.00 |
| 10 | Subtotal of current monthly income. Add Lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 through 9 in Column B. Enter the total(s). | | $8,233.34 | $1,101.00 |
| 11 | Total current monthly income. If column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 10, Column A. | | | $9,334.34 |

**Part II: VERIFICATION**

| | |
|---|---|
| 12 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this a joint case, both debtors must sign.)* <br> Date: 09/30/2009     Signature: /s/ CARL A. BASSETT <br>                             (Debtor) <br> Date: 09/30/2009     Signature: _____ <br>                             (Joint Debtor, if any) |

# EXHIBIT 3

B6I (Official Form 6I) (12/07)

In re CARL A. BASSETT
          Debtor(s)

Case No. 09-28379
       (if known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| Married | RELATIONSHIP(S):<br>WIFE<br>SON<br>DAUGHTER<br>SON | AGE(S):<br>30<br>9<br>6<br>4 |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | REAL ESTATE APPRAISER | PART BUSINESS OWNER |
| Name of Employer | SELF-EMPLOYED (APEX APPRAISAL) | APEX APPRAISAL |
| How Long Employed | 4 YEARS | 4 YEARS |
| Address of Employer | 2855 ST. ROSE PKWY.<br>#100-13<br>HENDERSON NV  89052 | 2855 ST. ROSE PKWY<br>#100-13<br>HENDERSON NV  89052 |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ 7,000.00 | $ 0.00 |
| 2. Estimate monthly overtime | $ 0.00 | $ 0.00 |
| 3. SUBTOTAL | $ 7,000.00 | $ 0.00 |
| 4. LESS PAYROLL DEDUCTIONS | | |
|   a. Payroll taxes and social security | $ 600.00 | $ 0.00 |
|   b. Insurance | $ 0.00 | $ 0.00 |
|   c. Union dues | $ 0.00 | $ 0.00 |
|   d. Other (Specify): | $ 0.00 | $ 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 600.00 | $ 0.00 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 6,400.00 | $ 0.00 |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) | $ 0.00 | $ 3,225.00 |
| 8. Income from real property | $ 1,100.00 | $ 0.00 |
| 9. Interest and dividends | $ 0.00 | $ 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ 0.00 | $ 0.00 |
| 11. Social security or government assistance (Specify): | $ 0.00 | $ 0.00 |
| 12. Pension or retirement income | $ 0.00 | $ 0.00 |
| 13. Other monthly income (Specify): | $ 0.00 | $ 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 1,100.00 | $ 3,225.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 7,500.00 | $ 3,225.00 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15) | $ 10,725.00 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

Page No. 1 of 1

B6J (Official Form 6J) (12/07)

In re CARL A. BASSETT _____,  Case No. 09-28379
           Debtor(s)                                            (if known)

# SCHEDULE J-CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR

    Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 1,812.28 |
|    a. Are real estate taxes included?  Yes ☒  No ☐ | | |
|    b. Is property insurance included?  Yes ☐  No ☒ | | |
| 2. Utilities: a. Electricity and heating fuel | $ | 300.00 |
|    b. Water and sewer | $ | 52.00 |
|    c. Telephone | $ | 140.00 |
|    d. Other  CABLE/INTERNET | $ | 100.00 |
|    Other | $ | 0.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 50.00 |
| 4. Food | $ | 900.00 |
| 5. Clothing | $ | 100.00 |
| 6. Laundry and dry cleaning | $ | 50.00 |
| 7. Medical and dental expenses | $ | 150.00 |
| 8. Transportation (not including car payments) | $ | 300.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 0.00 |
| 10. Charitable contributions | $ | 800.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|    a. Homeowner's or renter's | $ | 52.00 |
|    b. Life | $ | 110.00 |
|    c. Health | $ | 300.00 |
|    d. Auto | $ | 166.00 |
|    e. Other | $ | 0.00 |
|    Other | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage) (Specify) | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|    a. Auto | $ | 0.00 |
|    b. Other: NON-FILING SPOUSE AUTO PYMT | $ | 286.00 |
|    c. Other: 1777 BAJA LN. MORT. | $ | 4,400.57 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other: | $ | 0.00 |
|    Other: | $ | 0.00 |
| | | 0.00 |
| 18. AVERAGE MONTHLY EXPENSES  Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 10,068.85 |
| 19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document: | | |
| 20. STATEMENT OF MONTHLY NET INCOME | | |
|    a. Average monthly income from Line 16 of Schedule I | $ | 10,725.00 |
|    b. Average monthly expenses from Line 18 above | $ | 10,068.85 |
|    c. Monthly net income (a. minus b.) | $ | 656.15 |