E FILED ON 2/2/12
THOMAS E. CROWE, ESQ.
THOMAS E. CROWE PROFESSIONAL
LAW CORPORATION
tcrowelaw@yahoo.com
Nevada State Bar no. 3048
2830 S. Jones Blvd.
Suite 3
Las Vegas, Nevada 89147
(702) 794-0373

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA
* * * * * *

| | | |
|---|---|---|
| In re: | ) | BANKRUPTCY NUMBER: |
| | ) | BK-S-09-28379-MKN |
| CARL A. BASSETT,  DBA EBB | ) | Chapter 11 |
| ENTERPRISES, INC. DBA APEX | ) | |
| APPRAISAL, | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | Date:   03/07/2012 |
| _____ ) | | Time:    9:30 p.m. |

### MOTION TO APPROVE SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS

Comes now, the Debtor above-named, by and through his attorney, THOMAS E. CROWE,

ESQ., and moves this Court for an order approving the sale of Debtor's real property located at 4740

Glenn Davis Street, Las Vegas, Nevada as set forth in the points and authorities attached hereto.

DATED this 2nd   day of February, 2012.

THOMAS E. CROWE PROFESSIONAL
 LAW CORPORATION

By  /s/ THOMAS E. CROWE
   THOMAS E. CROWE, ESQ.
   2830 S. Jones Blvd.
   Suite 3
   Las Vegas, Nevada 89146
   Attorney for Debtor

## POINTS AND AUTHORITIES

11 U.S.C. §363(b)(1) reads as follows:

The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate.

11 U.S.C. §363(d) and (e) reads as follows:

(d) The trustee may use, sell, or lease property under subsection (b) or (c) of this section only to the extent not inconsistent with any relief granted under section 362(c), 362(d), 362(e), or 362(f) of this title.

(e) Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest.

The Debtor filed a Chapter 11 bankruptcy on February 19, 2012.  Debtor's Chapter 11 Plan was confirmed on September 24, 2010.  On or about November 2, 2011, Debtor purchased the real property located at 4740 Glenn Davis Street, Las Vegas, NV  [hereinafter referred to as "the Property"].    The Property was not listed on Debtor's Schedules and Statements based upon the fact that the Property was purchased after confirmation of Debtor's Plan.  On December 27, 2011, Debtor Quit Claimed the Property to his spouse, Kalyn Basset.  See Exhibit 1 Grant, Bargain and Sale Deed.

Ms. Basset now wishes to sell the property to Roberto Villalta and JanetVelasquez Calderon. The terms of said sale are set forth on the Purchase Agreement, Exhibit 2 and the Escrow Instructions attached hereto as Exhibit 3. The purchase price of the property will be $57,000.00.  Based upon Debtor's name being on the title prior to deeding it to his spouse, the Title company is now requiring a Court approval prior to closing escrow.

The sale will result in payment of all commissions, fees, escrow and title charges as customary in Clark County, Nevada, per the agreement contained in the Escrow Instructions and the

Preliminary Title Report.

All liens and encumbrances on the property will be paid as listed on the Preliminary Title Report.

Attorney's fees to THOMAS E. CROWE PROFESSIONAL LAW CORPORATION, in the amount of $1,300.00, will be paid from funds from the sale of the house.    See Exhibit 4, Closing Statement.

WHEREFORE, Debtor prays

(1)    For an Order approving the sale of the real Property as provided herein; and

(2)    For such other and further relief as the Court deems just and proper in the circumstances.

DATED this 2nd day of   February, 2012.

THOMAS E. CROWE PROFESSIONAL
LAW CORPORATION

By /s/ THOMAS E. CROWE
   THOMAS E. CROWE, ESQ.
   2830 S. Jones Blvd.
   Suite 3
   Las Vegas, NV   89146
   Attorney for Debtor

###

# EXHIBIT 1

③ - /

A.P.N.:       161-20-811-005

File No:

R.P.T.T.:     Exempt 5

Inst #: 201112270002498
Fees: $18.00 N/C Fee: $0.00
RPTT: $0.00 Ex: #005
12/27/2011 04:09:00 PM
Receipt #: 1018816
Requestor:
KALYN BASSETT
Recorded By: KGP   Pgs: 3
**DEBBIE CONWAY**
CLARK COUNTY RECORDER

When Recorded Mail To:  Mail Tax Statements To:
KALYN BASSETT
4740 GLENN DAVIS STREET
LAS VEGAS, NEVADA 89121

### *GRANT, BARGAIN and SALE DEED*

*FOR A VALUABLE CONSIDERATION*, receipt of which is hereby acknowledged,

**CARL BASSETT, SPOUSE OF THE GRANTEE HEREIN**

do(es) hereby *GRANT, BARGAIN and SELL* to

**KALYN BASSETT, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY**

the real property situate in the County of Clark, State of Nevada, described as follows:

**Lot Six Hundred Fifty (650)  in Block Twenty One (21) of Desert Hills Unit No.6**

**as shown by map thereof on file in Book 7 of Plats, Page 39, in the Office of the**

**County Recorder of Clark County, Nevada.**

**AKA;  4740 GLENN DAVIS STREET, LAS VEGAS, NEVADA 89121**

**This Deed is being recorded to release any and all interest the Grantor may have not and in the future.**

Subject to:  1.  All general and special taxes for the current fiscal year.  2.  Covenants, Conditions, Restrictions, Reservations, Rights, Rights of Way and Easements now of record.

*TOGETHER* with all tenements, hereditaments and appurtenances, including easements and water rights, if any, thereto belonging or appertaining, and any reversions, remainders, rents, issues or profits thereof.

See Signature on Next Page.

DATE:  DECEMBER 27, 2011

_____

CARL BASSETT

STATE OF    **Nevada**                )
                                        : **ss.**
COUNTY OF    **Clark**               )

This instrument was acknowledged before me on DECEMBER 27, 2011  by
CARL BASSETT

_____
CONNIE MARIE LOWERY,    Notary Public
(My commission expires:  7/29/2014 )

> **CONNIE MARIE LOWERY**
> Notary Public, State of Nevada
> Appointment No. 94-0879-1
> My Appt. Expires Jul 29, 2014

This Notary Acknowledgement is attached to that certain Grant, Bargain Sale Deed dated
12/27/2011

**STATE OF NEVADA**
**DECLARATION OF VALUE**

1. Assessor Parcel Number(s)
   a) 161-20-811-005
   b)
   c)
   d)

2. Type of Property
   a) [ ] Vacant Land   b) [X] Single Fam. Res.
   c) [ ] Condo/Twnhse   d) [ ] 2-4 Plex
   e) [ ] Apt. Bldg.   f) [ ] Comm'l/Ind'l
   g) [ ] Agricultural   h) [ ] Mobile Home
   i) [ ] Other

| FOR RECORDERS OPTIONAL USE |
| --- |
| Book _____ Page: _____ |
| Date of Recording: _____ |
| Notes: _____ |

3. a) Total Value/Sales Price of Property:             $ 0.00
   b) Deed in Lieu of Foreclosure Only (value of      ( $                    )
   c) Transfer Tax Value:                              $ 0.00
   d) Real Property Transfer Tax Due                   $ 0.00

   **If Exemption Claimed:**

   a. Transfer Tax Exemption, per 375.090, Section:    #5
   b. Explain reason for exemption:  To remove spousal interest with out consideration

5. Partial Interest: Percentage being transferred:    100 %
   The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein.  Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month.  Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature:                              Capacity:  Grantor-Spouse
Signature: Kalyn Bassett                Capacity:  Grantee

| **SELLER (GRANTOR) INFORMATION** | **BUYER (GRANTEE) INFORMATION** |
| --- | --- |
| **(REQUIRED)** | **(REQUIRED)** |

Print Name: Carl Bassett          Print Name: Kalyn Bassett
Address: 4740 Glenn Davis Drive    Address: 4740 Glenn Davis Drive
City: Las Vegas                    City: Las Vegas
State: NV      Zip: 89121          State: NV      Zip: 89121

**COMPANY/PERSON REQUESTING RECORDING (required if not seller or buyer)**
Print Name: Carl Bassett          File Number: n/a
Address 4740 Glenn Davis Drive
City: Las Vegas                   State: NV        Zip  89121

(AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED)

# EXHIBIT 2



## RESIDENTIAL PURCHASE AGREEMENT

(Joint Escrow Instructions and Earnest Money Receipt)

Date: __December 14, 2011__

1
2
3
4
5   __Roberto Chavez Villalta, Janet Luz Velasquez Calderon__ ("Buyer"), hereby offers to purchase
6   __4740 Glenndavis Dr, las vegas, nv  89121__ ("Property"),
7   within the city or unincorporated area of _____ __las vegas__ ____ , County of _____ __CLARK__ ____ ,
8   State of Nevada, A.P.N. # __161-20-811-005__ for the purchase price of $ __56,100.00__
9   ( __Fifty-Six Thousand, One Hundred__ dollars) ("Purchase Price") on the terms
10  and conditions contained herein:
11  BUYER ☒ does -OR- ☐ does not intend to occupy the Property as a residence.
12

### Buyer's Offer

13
14  **I.    FINANCIAL TERMS & CONDITIONS:**
15  $ __3,000.00__ **A. EARNEST MONEY DEPOSIT ("EMD")** is ☒ presented with this offer -OR- ☐
16
17              *(NOTE: It is a felony in the State of Nevada punishable by up to four years in prison and a $5,000 fine to write a*
18              *check for which there are insufficient funds. NRS 193.130(2)(d).)*
19
20  $ ____ __na__ **B. ADDITIONAL DEPOSIT** to be placed in escrow on or before (date) _____ . The
21              additional deposit ☐ will -OR- ☐ will not be considered part of the EMD. (Any conditions on the additional
22              deposit should be set forth in Section 28 herein.)
23
24  $ ____ __na__ **C. THIS AGREEMENT IS CONTINGENT UPON BUYER QUALIFYING FOR A NEW LOAN ON**
25              **THE FOLLOWING TERMS AND CONDITIONS:**
26              ☐ Conventional, ☐ FHA, ☐ VA, ☐ Other (specify) _____
27              Interest: ☐ Fixed rate, _____ years -OR- ☐ Adjustable Rate, __na__ years. Initial rate of interest not to
28              exceed __na__ %. Initial monthly payment not to exceed $ __na__ , not including taxes, insurance
29              and/or PMI or MIP.
30
31  $ ____ __na__ **D. THIS AGREEMENT IS CONTINGENT UPON BUYER QUALIFYING TO ASSUME THE**
32              **FOLLOWING EXISTING LOAN(S):**
33              ☐ Conventional, ☒ FHA, ☐ VA, ☐ Other (specify) _____
34              Interest: ☐ Fixed rate, _____ years -OR- ☐ Adjustable Rate, _____ years. Initial rate of interest not to
35              exceed __na__ %. Monthly payment not to exceed $ __na__ , not including taxes, insurance and/or PMI or MIP.
36
37  $ ____ __na__ **E. BUYER TO EXECUTE A PROMISSORY NOTE SECURED BY DEED OF TRUST PER TERMS**
38              **IN "FINANCING ADDENDUM."**
39
40  $ __53,100.00__ **F. BALANCE OF PURCHASE PRICE** (Balance of Down Payment) in cash or certified funds to be paid
41              at Close of Escrow ("COE").
42
43  $ __56,100.00__ **G. TOTAL PURCHASE PRICE.** (This price DOES NOT include closing costs, prorations, or other fees
44              and costs associated with the purchase of the Property as defined herein.)
45

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a
particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name __Roberto Chavez Villalta, Janet Luz Velasquez Calderon__     BUYER(S) INITIALS: __JV__ / __RV__

Property Address: __4740 Glenndavis Dr las vegas, nv  89121__     SELLER(S) INITIALS: __CB__ / ____

Solution NRES 8050 West Tropicana Ave, Las Vegas, NV 89147        Phone: (702) 723-7434    Fax: (702) 617-3421          Roberto
Kevin Ogden            Produced with ZipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com

2. **ADDITIONAL FINANCIAL TERMS & CONTINGENCIES:**

A. **NEW LOAN APPLICATION:** Within _____ done _____ business days of Acceptance, Buyer agrees to (1) submit a completed loan application to a lender of Buyer's choice; (2) authorize ordering of the appraisal (per lender's requirements); and (3) furnish a preapproval letter to Seller based upon a standard factual credit report and review of debt to income ratios. If Buyer fails to complete any of these conditions within the applicable time frame, Seller reserves the right to terminate this Agreement. In such event, both parties agree to cancel the escrow and return EMD to Buyer. Buyer ☒ does -OR- ☐ does not authorize lender to provide loan status updates to Seller's and Buyer's Brokers, as well as Escrow Officer. Buyer agrees to use Buyer's best efforts to obtain financing under the terms and conditions outlined in this Agreement.

B. **CASH PURCHASE:** Within _____ na _____ business days of Acceptance, Buyer agrees to provide written evidence from a bona fide financial institution of sufficient cash available to complete this purchase. If Buyer does not submit the written evidence within the above period, Seller reserves the right to terminate this Agreement.

C. **APPRAISAL:** If an appraisal is required as part of this agreement, or requested by Buyer, and if the appraisal is less than the Purchase Price, the transaction will go forward if (1) Buyer, at Buyer's option, elects to pay the difference and purchase the Property for the Purchase Price, or (2) Seller, at Seller's option, elects to adjust the Purchase Price accordingly, such that the Purchase Price is equal to the appraisal. If neither option (1) or (2) is elected, then Parties may renegotiate; if renegotiation is unsuccessful, then either Party may cancel this Agreement upon written notice, in which event the EMD shall be returned to Buyer.

3. **SALE OF OTHER PROPERTY:**

A. This Agreement
☒ is not -OR-
☐ is contingent upon the sale (and closing) of another property which address is

_____

B. Said Property
☐ is currently listed
☐ is not -OR- ☐ is
presently in escrow with _____
Escrow Number: _____ Proposed Closing Date: _____

When Buyer has accepted an offer on the sale of this other property, Buyer will promptly deliver a written notice of the sale to Seller. If Buyer's escrow on this other property is terminated, abandoned, or does not close on time, this Agreement will terminate without further notice unless the parties agree otherwise in writing. If Seller accepts a bona fide written offer from a third party prior to Buyer's delivery of notice of acceptance of an offer on the sale of Buyer's property, Seller shall give Buyer written notice of that fact. Within three (3) days of receipt of the notice, Buyer will waive the contingency of the sale and closing of Buyer's other property, or this Agreement will terminate without further notice. In order to be effective, the waiver of contingency must be accompanied by reasonable evidence that funds needed to close escrow will be available and Buyer's ability to obtain financing is not contingent upon the sale and/or close of any other property.

4. **FIXTURES AND PERSONAL PROPERTY:** The following items will be transferred, free of liens, with the sale of the Property with no real value unless stated otherwise herein. Unless an item is covered under Section 7(E) of this Agreement, all items are transferred in an "AS IS" condition.

A. All EXISTING fixtures and fittings including, but not limited to: electrical, mechanical, lighting, plumbing, and heating fixtures, ceiling fan(s), fireplace insert(s), gas logs and grates, solar power system(s), built-in appliance(s), window and door screens, awnings, shutters, window coverings, attached floor covering(s), television antenna(s), satellite dishe(s), private integrated telephone systems, air coolers/conditioner(s), pool/spa equipment, garage door opener(s)/remote control(s), mailbox, in-ground landscaping, trees/shrub(s), water softener(s), water purifiers, security systems/alarm(s);

B. The following additional items of personal property: <u>all items per MLS listing</u>

_____

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name: Roberto Chavez Villalta, Janet Luz Velasquez
Calderon                                          BUYER(S) INITIALS: JV / RC

Property Address: 4740 Glendavis Dr
las vegas, nv 89121                         SELLER(S) INITIALS: CB /

Rev. 6/09                    ©2009 Greater Las Vegas Association of REALTORS®                    Page 2 of 11

5. **ESCROW:**

   A. **OPENING OF ESCROW:** The purchase of the Property shall be consummated through Escrow ("Escrow"). Opening of Escrow shall take place by the end of one (1) business day after execution of this Agreement ("Opening of Escrow"), at _____Seller choice_____ title or escrow company ("Escrow Company" or "ESCROW HOLDER") with _____ ("Escrow Officer") (or such other escrow officer as Escrow Company may assign). Opening of Escrow shall occur upon Escrow Company's receipt of this fully accepted Agreement and receipt of the EMD (if applicable). ESCROW HOLDER is instructed to notify the Parties (through their respective Brokers) of the opening date and the Escrow Number.

   B. **EARNEST MONEY:** Upon Acceptance, Buyer's EMD as shown in Section 1(A), and 1(B) if applicable, of this Agreement, shall be deposited per the Earnest Money Receipt Notice and Instructions contained herein

   C. **CLOSE OF ESCROW:** Close of Escrow ("COE") shall be on (date) _____December 27, 2011_____ . If the designated date falls on a weekend or holiday, COE shall be the next business day.

   D. **IRS DISCLOSURE:** Seller is hereby made aware that there is a regulation which became effective January 1, 1987, that requires all ESCROW HOLDERS to complete a modified 1099 form, based upon specific information known only between parties in this transaction and the ESCROW HOLDER. Seller is also made aware that ESCROW HOLDER is required by federal law to provide this information to the Internal Revenue Service after COE in the manner prescribed by federal law.

   E. **FIRPTA:** If applicable, Seller agrees to complete, sign, and deliver to ESCROW HOLDER a certificate indicating whether Seller is a foreign person or a nonresident alien pursuant to the Foreign Investment in Real Property Tax Act (FIRPTA). A foreign person is a nonresident alien individual; a foreign corporation not treated as a domestic corporation; or a foreign partnership, trust or estate. A resident alien is not considered a foreign person under FIRPTA. Buyer and Seller understand that if Seller is a foreign person then the Buyer must withhold a tax in an amount to be determined by ESCROW HOLDER in accordance with FIRPTA, unless an exemption applies. Seller agrees to sign and deliver to the ESCROW HOLDER the necessary documents, to be provided by the ESCROW HOLDER, to determine if withholding is required. (See 26 USC Section 1445).

6. **TITLE INSURANCE:** Upon COE, Buyer will be provided with the following type of title insurance policy: ☐ CLTA; ☒ ALTA-Residential; -OR- ☐ ALTA-Extended (including a survey, if required).

7. **PRORATIONS, FEES AND EXPENSES (Check appropriate box):**

   A. **TITLE AND ESCROW FEES:**

| TYPE | PAID BY SELLER | PAID BY BUYER | 50/50 | N/A |
|---|---|---|---|---|
| Escrow Fees | ☐ | ☐ | ☒ | ☐ |
| Lender's Title Policy | ☐ | ☐ | ☐ | ☒ |
| Owner's Title Policy | ☒ | ☐ | ☐ | ☐ |
| Real Property Transfer Tax | ☒ | ☐ | ☐ | ☐ |
| Other: _____ | ☐ | ☐ | ☐ | ☐ |

   B. **PRORATIONS:**

| TYPE | PAID BY SELLER | PRORATE | N/A |
|---|---|---|---|
| CIC (Common Interest Community) Assessments | ☐ | ☒ | ☐ |
| CIC Periodic Fees | ☐ | ☒ | ☐ |
| SIDs / LIDs / Bonds / Assessments | ☐ | ☒ | ☐ |
| Sewer Use Fees | ☐ | ☒ | ☐ |
| Real Property Taxes | ☐ | ☒ | ☐ |
| Other: _____ | ☐ | ☐ | ☐ |

All prorations will be based on a 30-day month and will be calculated as of COE. Prorations will be based upon figures available at closing. Any supplementals or adjustments that occur after COE will be handled by the parties outside of Escrow.

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name: ____Roberto Chavez Villalta, Janet Luz Velasquez Calderon____   BUYER(S) INITIALS: JV  RBe

Property Address: ____4740 Glenndavis Dr las vegas, nv 89121____   SELLER(S) INITIALS: CB

Rev. 6/09                          ©2009 Greater Las Vegas Association of REALTORS®                          Page 3 of 11

C. **INSPECTIONS AND RELATED EXPENSES (See also Section 12):**
Acceptance of this offer is subject to the following reserved right. Buyer may have the Property inspected and select the licensed contractors, certified building inspectors and/or other qualified professionals who will inspect the Property. Seller will ensure that necessary utilities (gas, power and water) are turned on and supplied to the Property within two (2) business days after execution of this Agreement, to remain on until COE. (It is strongly recommended that Buyer retain licensed Nevada professionals to conduct inspections.)

| TYPE | PAID BY SELLER | PAID BY BUYER | 50/50 | WAIVED |
|---|---|---|---|---|
| Appraisal | ☐ | ☐ | ☐ | ☒ |
| CIC Capital Contribution | ☒ | ☐ | ☐ | ☐ |
| CIC Transfer Fees | ☒ | ☐ | ☐ | ☐ |
| CLUE Report ordered by Seller | ☐ | ☐ | ☐ | ☒ |
| Fungal Contaminant Inspection | ☐ | ☐ | ☐ | ☒ |
| Home Inspection | ☐ | ☐ | ☐ | ☒ |
| Mechanical Inspection | ☐ | ☒ | ☐ | ☐ |
| Oil Tank Inspection | ☐ | ☐ | ☐ | ☒ |
| Pool/Spa Inspection | ☐ | ☐ | ☐ | ☒ |
| Roof Inspection | ☐ | ☐ | ☐ | ☒ |
| Septic Inspection (requires pumping) | ☐ | ☐ | ☐ | ☒ |
| Septic Lid Removal | ☐ | ☐ | ☐ | ☒ |
| Septic Pumping | ☐ | ☐ | ☐ | ☒ |
| Soils Inspection | ☐ | ☐ | ☐ | ☒ |
| Structural Inspection | ☐ | ☐ | ☐ | ☒ |
| Survey _____ (type) | ☐ | ☐ | ☐ | ☒ |
| Termite/Pest Inspection | ☐ | ☐ | ☐ | ☒ |
| Well Inspection (Quantity) | ☐ | ☐ | ☐ | ☒ |
| Well Inspection (Quality) | ☐ | ☐ | ☐ | ☒ |
| Wood-Burning Device/Chimney Inspection (includes cleaning) | ☐ | ☐ | ☐ | ☒ |
| Other: _____ | ☐ | ☐ | ☐ | ☒ |
| Re-Inspections | ☐ | ☐ | ☐ | ☒ |

If any inspection is not completed and requested repairs are not delivered to Seller within the Due Diligence Period, Buyer is deemed to have waived the right to that inspection and Seller's liability for the cost of all repairs that inspection would have reasonably identified had it been conducted, except as otherwise provided by law.

D. **CERTIFICATIONS:**

| TYPE | PAID BY SELLER | PAID BY BUYER | 50/50 | WAIVED |
|---|---|---|---|---|
| Fungal Contaminant | ☐ | ☐ | ☐ | ☒ |
| Roof | ☐ | ☐ | ☐ | ☒ |
| Septic | ☐ | ☐ | ☐ | ☒ |
| Well | ☐ | ☐ | ☐ | ☒ |
| Wood-Burning Device/Chimney Certification | ☐ | ☐ | ☐ | ☒ |
| Other: | ☐ | ☐ | ☐ | ☒ |

The foregoing expenses for inspections and certifications will be paid outside of Escrow unless the Parties present instructions to the contrary prior to COE (along with the applicable invoice). A certification is not a warranty. Notwithstanding the above elections, in the event an inspection reveals problems with any of the foregoing, Buyer reserves the right to require a certification.

E. **SELLER'S ADDITIONAL COSTS AND LIMIT OF LIABILITY:** Seller agrees to pay a maximum amount of $ na to correct defects and/or requirements disclosed by inspection reports, appraisals, and/or certifications. It is Buyer's responsibility to inspect the Property sufficiently as to satisfy Buyer's use. Buyer reserves the right to request additional repairs based upon the Seller's Real Property Disclosure. Items of a general maintenance or

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name: Roberto Chavez Villalta, Janet Luz Velasquez Calderon     BUYER(S) INITIALS: JV / ᚢᚢ

Property Address: 4740 Glenndavis Dr las vegas, nv 89121     SELLER(S) INITIALS: CB /

Rev. 6/09     ©2009 Greater Las Vegas Association of REALTORS®     Page 4 of 11

1  cosmetic nature which do not materially affect value or use of the Property, which existed at the time of Acceptance and which
2  are not expressly addressed in this Agreement are deemed accepted by the Buyer, except as otherwise provided in this section.
3  The Brokers herein have no responsibility to assist in the payment of any repair, correction or deferred maintenance on the
4  Property which may have been revealed by the above inspections, agreed upon by the Buyer and Seller or requested by one
5  party.
6
7      **F.**   **LENDER'S FEES:** In addition to Seller's expenses above, Seller will contribute $ _zero_
8  to Buyer's Lender's Fees and Buyer's Title and Escrow Fees ☐ including -OR- ☐ excluding costs which Seller must pay
9  pursuant to loan program requirements. Different loan types (e.g., FHA, VA, conventional) have different appraisal and
10  financing requirements, which will affect the parties' rights and costs under this Agreement.
11
12      **G.**   **HOME PROTECTION PLAN:** Buyer and Seller acknowledge that they have been made aware of Home
13  Protection Plans that provide coverage to Buyer after COE. Buyer ☒ waives -OR- ☐ requires a Home Protection Plan with
14  _____ ☐ Seller -OR- ☐ Buyer will pay for the Home Protection
15  Plan at a price not to exceed $ _____ . Buyer will order the Home Protection Plan. Neither Seller nor Brokers make
16  any representation as to the extent of coverage or deductibles of such plans. ESCROW HOLDER is not responsible for
17  ordering the Home Protection Plan.
18
19      **H.**   **OTHER FEES:** Buyer will also pay $ _460.00_ to Buyer's Broker for _transaction fee_ .
20
21  **8.**   **TRANSFER OF TITLE:** Upon COE, Buyer shall tender to Seller the agreed upon Purchase Price, and Seller shall
22  tender to Buyer marketable title to the Property free of all encumbrances other than (1) current real property taxes,
23  (2) covenants, conditions and restrictions (CC&Rs) and related restrictions, (3) zoning or master plan restrictions and public
24  utility easements; and (4) obligations assumed and encumbrances accepted by Buyer prior to COE. Buyer is advised the
25  Property may be reassessed after COE which may result in a real property tax increase or decrease.
26
27  **9.**   **COMMON-INTEREST COMMUNITIES:** If the Property is subject to a Common Interest Community ("CIC"),
28  Seller or his authorized agent shall request the CIC documents and certificate listed in NRS 116.4109 (collectively, the "resale
29  package") within two (2) business days of Acceptance and provide the same to Buyer within one (1) business day of Seller's
30  receipt thereof. Buyer may cancel this Agreement without penalty until midnight of the fifth (5th) calendar day following the
31  date of receipt of the resale package. If Buyer does not receive the resale package within fifteen (15) calendar days of
32  Acceptance, this Agreement may be cancelled in full by Buyer without penalty. If Buyer elects to cancel this Agreement
33  pursuant to this section, he must deliver, via hand delivery or prepaid U.S. mail, a written notice of cancellation to Seller or his
34  authorized agent identified in the Confirmation of Representation at the end of this Agreement. Upon such written cancellation,
35  Buyer shall promptly receive a refund of the EMD. The parties agree to execute any documents requested by ESCROW
36  HOLDER to facilitate the refund. If written cancellation is not received within the specified time period, the resale package
37  will be deemed approved. Seller shall pay all outstanding CIC fines or penalties at COE.
38
39  **10.**  **DISCLOSURES: Within five (5) calendar days** of Acceptance of this Agreement, Seller will provide the
40  following Disclosures and/or documents (each of which is incorporated herein by this reference). Check applicable boxes.
41     ☐ Construction Defect Claims Disclosure, if Seller has marked "Yes" to Paragraph I(d) of the
42       Seller Real Property Disclosure Form (NRS 40.688)
43     ☐ Fungal (Mold) Notice Form (not required by Nevada law)
44     ☐ Lead-Based Paint Disclosure and Acknowledgment, required if constructed before 1978 (24 CFR 745.113)
45     ☐ Methamphetamine Lab Disclosure, if applicable (NRS 40.770, NRS 489.776)
46     ☐ Pest Notice Form (not required by Nevada law)
47     ☐ Promissory Note and the most recent monthly statement of all loans to be assumed by Buyer
48     ☐ Rangeland Disclosure (NRS 113.065)
49     ☐ Seller Real Property Disclosure Form (NRS 113.130)
50     ☐ Other (list) _____
51

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a
particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name: Roberto Chaves Villalta, Janet Luz Velasquez Calderon

BUYER(S) INITIALS: JV / rc

SELLER(S) INITIALS: CB

Property Address: 4740 Glenndavis Dr las vegas, nv 89121

Rev. 6/09

©2009 Greater Las Vegas Association of REALTORS®

Page 5 of 11

11. **ADDITIONAL DISCLOSURES:**

    A.   **LICENSEE DISCLOSURE OF INTEREST:** Pursuant to NAC 645.640, _____ is a licensed real estate agent in the State(s) of _____ na _____, and has the following interest, direct or indirect, in this transaction: ☐ Principal (Seller or Buyer) -OR- ☐ family relationship or business interest: _____

    B.   In addition, for **NEW CONSTRUCTION**, to the extent applicable, Seller will provide: Public Offering Statement (NRS 116.4108); Electric Transmission Lines (NRS 119.1835); Public Services and Utilities (NRS 119.183); Initial Purchaser Disclosure (NRS 113); Construction Recovery Fund (NRS 624); Gaming Corridors (NRS 113.070); Water/Sewage (NRS 113.060); Impact Fees (NRS 278B.320); Surrounding Zoning Disclosure (NRS 113.070); FTC Insulation Disclosure (16 CFR 460.16); and Other: na _____

    C.   **AIRPORT NOISE:** Buyer hereby acknowledges the proximity of various overflight patterns, airports (municipal, international, military and/or private) and helipads. Buyer also fully understands that existing and future noise levels at this location, associated with existing and future airport operations, may affect the livability, value and suitability of the Property for residential use. Buyer also understands that these airports have been at their present location for many years, and that future demand and airport operations may increase significantly. For further information, contact your local department of aviation or the Federal Aviation Administration.

    D.   **FEDERAL FAIR HOUSING COMPLIANCE AND DISCLOSURES:** All properties are offered without regard to race, color, religion, sex, national origin, ancestry, handicap or familial status and any other current requirements of federal or state fair housing law.

    E.   In addition, Buyer acknowledges receipt of:
- Residential Disclosure Guide (NRS 645.194)
- Consent to Act, if applicable (NRS 645.252)
- Duties Owed by a Nevada Real Estate Licensee (if one party is unrepresented) (NRS 645.252)
- For Your Protection - Get Home Inspection (HUD 92564-CN) For FHA Loans

12. **BUYER'S DUE DILIGENCE:**

    A.   **DUE DILIGENCE PERIOD:** Buyer shall have _____ 7 _____ calendar days from Acceptance to complete Buyer's Due Diligence. Buyer shall ensure that all inspections and certifications are initiated in a timely manner as to complete the Due Diligence in the time outlined herein. (If utilities are not supplied by the deadline referenced herein or if the disclosures are not delivered to Buyer by the deadline referenced herein, then Buyer's Due Diligence Period will be extended by the same number of calendar days that Seller delayed supplying the utilities or delivering the disclosures, whichever is longer.) During this period Buyer shall have the exclusive right at Buyer's discretion to cancel this Agreement. In the event of such cancellation, unless otherwise agreed herein, the EMD will be refunded to Buyer. If Buyer provides Seller with notice of objections, the Due Diligence Period will be extended by the same number of calendar days that it takes Seller to respond in writing to Buyer's objections. If Buyer fails to cancel this Agreement within the Due Diligence Period (as it may be extended), Buyer will be deemed to have waived the right to cancel under this section.

    B.   **PROPERTY INSPECTION/CONDITION:** During the Due Diligence Period, Buyer shall take such action as Buyer deems necessary to determine whether the Property is satisfactory to Buyer including, but not limited to, whether the Property is insurable to Buyer's satisfaction, whether there are unsatisfactory conditions surrounding or otherwise affecting the Property (such as location of flood zones, airport noise, noxious fumes or odors, environmental substances or hazards, whether the Property is properly zoned, locality to freeways, railroads, places of worship, schools, etc.) or any other concerns Buyer may have related to the Property. During such Period, Buyer shall have the right to have non-destructive inspections of all structural, roofing, mechanical, electrical, plumbing, heating/air conditioning, water/well/septic, pool/spa, survey, square footage, and any other property or systems, through licensed and bonded contractors or other qualified professionals. Seller agrees to provide reasonable access to the Property to Buyer and Buyer's inspectors. Buyer agrees to indemnify and hold Seller harmless with respect to any injuries suffered by Buyer or third parties present at Buyer's request while on Seller's Property conducting such inspections, tests or walk-throughs. Buyer's indemnity shall not apply to any injuries suffered by Buyer or third parties present at Buyer's request that are the result of an intentional tort, gross negligence or any misconduct or omission by Seller, Seller's Agent or other third parties on the Property. Buyer is advised to consult with appropriate professionals regarding neighborhood or Property conditions, including but not limited to: schools, proximity and

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name:   Roberto Chavez Villalta, Janet Luz Velasquez Calderon      BUYER(S) INITIALS: _JV_ _KRZ_

Property Address:   4740 Glenndavis Dr las vegas, nv 89121      SELLER(S) INITIALS: _CB_ / _____

Produced with ZipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com
Roberto

1  adequacy of law enforcement; proximity to commercial, industrial, or agricultural activities; crime statistics; fire protection;
2  other governmental services; existing and proposed transportation; construction and development; noise or odor from any
3  source; and other nuisances, hazards or circumstances. If Buyer cancels this Agreement due to a specific inspection report,
4  Buyer shall provide Seller at the time of cancellation with a copy of the report containing the name, address, and telephone
5  number of the inspector.
6
7  **C.  PRELIMINARY TITLE REPORT:** Within ten (10) business days of Opening of Escrow, Title Company
8  shall provide Buyer with a Preliminary Title Report ("PTR") to review, which must be approved or rejected within five (5)
9  business days of receipt thereof. If Buyer does not object to the PTR within the period specified above, the PTR shall be
10 deemed accepted. If Buyer makes an objection to any item(s) contained within the PTR, Seller shall have five (5) business
11 days after receipt of objections to correct or address the objections. If, within the time specified, Seller fails to have each such
12 exception removed or to correct each such other matter as aforesaid, Buyer shall have the option to: (a) terminate this
13 Agreement by providing notice to Seller and Escrow Officer, entitling Buyer to a refund of the EMD or (b) elect to accept title
14 to the Property as is. All title exceptions approved or deemed accepted are hereafter collectively referred to as the "Permitted
15 Exceptions."
16
17 **13.  WALK-THROUGH INSPECTION OF PROPERTY:** Buyer is entitled under this Agreement to a walk-through of
18 the Property within _____2_____ calendar days prior to COE to ensure the Property and all major systems, appliances,
19 heating/cooling, plumbing and electrical systems and mechanical fixtures are as stated in Seller's Real Property Disclosure
20 Statement, and that the Property and improvements are in the same general condition as when this Agreement was signed by
21 Seller and Buyer. To facilitate Buyer's walk-through, Seller is responsible for keeping all necessary utilities on. If any
22 systems cannot be checked by Buyer on walk-through due to non-access or no power/gas/water, then Buyer reserves the right
23 to hold Seller responsible for defects which could not be detected on walk-through because of lack of such access or
24 power/gas/water. The purpose of the walk-through is to confirm (a) the Property is being maintained (b) repairs, if any, have
25 been completed as agreed, and (c) Seller has complied with Seller's other obligations. If Buyer elects not to conduct a walk-
26 through inspection prior to COE, then all systems, items and aspects of the Property are deemed satisfactory, and Buyer
27 releases Seller's liability for costs of any repair that would have reasonably been identified by a walk-through inspection,
28 except as otherwise provided by law.
29
30 **14.  DELIVERY OF POSSESSION:** Seller shall deliver the Property along with any keys, alarm codes, parking permits
31 (if freely transferable), gate transponders and garage door opener/controls outside of Escrow, upon COE. Seller agrees to
32 vacate the Property and leave the Property in a neat and orderly, broom-clean condition and tender possession no later than
33 ☒ COE -OR- ☐ _____ in the event Seller does not vacate the Property by this time, Seller shall be
34 considered a trespasser and shall be liable to Buyer for the sum of $ n/a _____ per calendar day in addition to
35 Buyer's legal and equitable remedies. Any personal property left on the Property after the date indicated in this section shall be
36 considered abandoned by Seller.
37
38 **15.  RISK OF LOSS:** Risk of loss shall be governed by NRS 113.040. This law provides generally that if all or any
39 material part of the Property is destroyed before transfer of legal title or possession, Seller cannot enforce the Agreement and
40 Buyer is entitled to recover any portion of the sale price paid. If legal title or possession has transferred, risk of loss shall shift
41 to Buyer.
42
43 **16.  ASSIGNMENT OF THIS AGREEMENT:** Unless otherwise stated herein, this Agreement is non-assignable by
44 Buyer.
45
46 **17.  CANCELLATION OF AGREEMENT:** In the event this Agreement is properly cancelled in accordance with the
47 terms contained herein, then Buyer will be entitled to a refund of the EMD. Neither Buyer nor Seller will be reimbursed for any
48 expenses incurred in conjunction with due diligence, inspections, appraisals or any other matters pertaining to this transaction
49 (unless otherwise provided herein).
50
51 **18.  DEFAULT:**
52 **A.  MEDIATION:** Before any legal action is taken to enforce any term or condition under this Agreement, the
53 parties agree to engage in mediation, a dispute resolution process, through GLVAR. Not withstanding the foregoing,
54 in the event the Buyer finds it necessary to file a claim for specific performance, this section shall not apply.
55

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a
particular paragraph is otherwise modified by addendum or counteroffer.

| | |
|---|---|
| Buyer's Name: Roberto Chavez Villalta, Janet Luz Velasquez Calderon | BUYER(S) INITIALS: _JV_ / _Z_ |
| Property Address: 4740 Glenndavis Dr las vegas, nv 89121 | SELLER(S) INITIALS: _CB_ / ___ |

Rev. 6/09                ©2009 Greater Las Vegas Association of REALTORS®                Page 7 of 11

**B.   IF BUYER DEFAULTS:** If Buyer defaults in performance under this Agreement, Seller shall have one of the following legal recourses against Buyer (check one only):

☒  As Seller's sole legal recourse, Seller may retain, as liquidated damages, the EMD. In this respect, the Parties agree that Seller's actual damages would be difficult to measure and that the EMD is in fact a reasonable estimate of the damages that Seller would suffer as a result of Buyer's default. Seller understands that any additional deposit not considered part of the EMD in Section 1(B) herein will be immediately released by ESCROW HOLDER to Buyer.

*-OR-*

☐  Seller shall have the right to recover from Buyer all of Seller's actual damages that Seller may suffer as a result of Buyer's default including, but not limited to, commissions due, expenses incurred until the Property is sold to a third party and the difference in the sales price.

**C.   IF SELLER DEFAULTS:** If Seller defaults in performance under this Agreement, Buyer reserves all legal and/or equitable rights (such as specific performance) against Seller, and Buyer may seek to recover Buyer's actual damages incurred by Buyer due to Seller's default.

## Instructions to Escrow

**19.   ESCROW:** If this Agreement or any matter relating hereto shall become the subject of any litigation or controversy, Buyer and Seller agree, jointly and severally, to hold ESCROW HOLDER free and harmless from any loss or expense, except losses or expenses as may arise from ESCROW HOLDER'S negligence or willful misconduct. If conflicting demands are made or notices served upon ESCROW HOLDER with respect to this Agreement, the parties expressly agree that Escrow is entitled to file a suit in interpleader and obtain an order from the Court authorizing ESCROW HOLDER to deposit all such documents and monies with the Court, and obtain an order from the Court requiring the parties to interplead and litigate their several claims and rights among themselves. Upon the entry of an order authorizing such interpleader, ESCROW HOLDER shall be fully released and discharged from any obligations imposed upon it by this Agreement; and ESCROW HOLDER shall not be liable for the sufficiency or correctness as to form, manner, execution or validity of any instrument deposited with it, nor as to the identity, authority or rights of any person executing such instrument, nor for failure of Buyer or Seller to comply with any of the provisions of any agreement, contract or other instrument filed with ESCROW HOLDER or referred to herein. ESCROW HOLDER'S duties hereunder shall be limited to the safekeeping of all monies, instruments or other documents received by it as ESCROW HOLDER, and for their disposition in accordance with the terms of this Agreement. In the event an action is instituted in connection with this escrow, in which ESCROW HOLDER is named as a party or is otherwise compelled to make an appearance, all costs, expenses, attorney fees, and judgments ESCROW HOLDER may expend or incur in said action, shall be the responsibility of the parties hereto.

**20.   UNCLAIMED FUNDS:** In the event that funds from this transaction remain in an account held by ESCROW HOLDER, for such a period of time that they are deemed "abandoned" under the provisions of Chapter 120A of the Nevada Revised Statutes, ESCROW HOLDER is hereby authorized to impose a charge upon the dormant escrow account. Said charge shall be no less than $5.00 per month and may not exceed the highest rate of charge permitted by statute or regulation. ESCROW HOLDER is further authorized and directed to deduct the charge from the dormant escrow account for as long as the funds are held by ESCROW HOLDER.

## Brokers

**21.   BROKER FEES:** Buyer herein requires, and Seller agrees, as a condition of this Agreement, that Seller will pay Listing Broker and Buyer's Broker, who becomes by this clause a third party beneficiary to this Agreement, that certain sum or percentage of the Purchase Price (commission), that Seller's or Seller's Broker, offered for the procurement of ready, willing and able Buyer via the Multiple Listing Service, any other advertisement or written offer. Seller understands and agrees that if Seller defaults hereunder, Buyer's Broker, as a third-party beneficiary of this Agreement, has the right to pursue all legal recourse against Seller for any commission due.

**22.   WAIVER OF CLAIMS:** Buyer and Seller agree that they are not relying upon any representations made by Brokers or Broker's agent. Buyer acknowledges that at COE, the Property will be sold AS-IS, WHERE-IS without any representations

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name:  Roberto Chaves Villalta, Janet Luz Velasquez Calderon          BUYER(S) INITIALS:  JV   RC

Property Address:  4740 Glenndavis Dr las vegas, nv 89121          SELLER(S) INITIALS:  CB  /

Rev. 6/09          ©2009 Greater Las Vegas Association of REALTORS®          Page 8 of 11

1 or warranties, unless expressly stated herein. Buyer agrees to satisfy himself, as to the condition of the Property, prior to COE.
2 Buyer acknowledges that any statements of acreage or square footage by Brokers are simply estimates, and Buyer agrees to
3 make such measurements, as Buyer deems necessary, to ascertain actual acreage or square footage. Buyer waives all claims
4 against Brokers or their agents for (a) defects in the Property; (b) inaccurate estimates of acreage or square footage; (c)
5 environmental waste or hazards on the Property; (d) the fact that the Property may be in a flood zone; (e) the Property's
6 proximity to freeways, airports or other nuisances; (f) the zoning of the Property; (g) tax consequences; or (h) factors related to
7 Buyer's failure to conduct walk-throughs or inspections. Buyer assumes full responsibility for the foregoing and agrees to
8 conduct such tests, walk-throughs, inspections and research, as Buyer deems necessary. In any event, Broker's liability is
9 limited, under any and all circumstances, to the amount of that Broker's commission/fee received in this transaction.
10

## Other Matters

11 **23.    DEFINITIONS:** "Acceptance" means the date that both parties have consented to and received a final, binding
12 contract by affixing their signatures to this Agreement and all counteroffers. "Agent" means a licensee working under a Broker
13 or licensees working under a developer. "Agreement" includes this document as well as all accepted counteroffers and
14 addenda. "Bona Fide" means genuine. "Buyer" means one or more individuals of the entity that intends to purchase the
15 Property. "Broker" means the Nevada licensed real estate broker listed herein representing Seller and/or Buyer (and all real
16 estate agents associated therewith). "Business Day" excludes Saturdays, Sundays, and legal holidays. "Calendar Day" means
17 a calendar day from/to midnight unless otherwise specified. "CFR" means the Code of Federal Regulations. "CIC" means
18 Common Interest Community (formerly known as "HOA" or homeowners associations). "CIC Capital Contribution" means
19 a one-time non-administrative fee, cost or assessment charged by the CIC upon change of ownership. "CIC Transfer Fees"
20 means the administrative service fee charged by a CIC to transfer ownership records. "CLUE" means Comprehensive Loss
21 Underwriting Exchange. "Close of Escrow (COE)" means the time of recordation of the deed in Buyer's name. "Default"
22 means the failure of a Party to observe or perform any of its material obligations under this Agreement. "Delivered" means
23 personally delivered to Parties or respective Agents, transmitted by facsimile machine, electronic means, overnight delivery, or
24 mailed by regular mail. "Down Payment" is the Purchase Price less loan amount(s). "EMD" means Buyer's earnest money
25 deposit. "Escrow Holder" means the neutral party that will handle the escrow. "FHA" is the U.S. Federal Housing
26 Administration. "GLVAR" means the Greater Las Vegas Association of REALTORS®. "IRC" means the Internal Revenue
27 Code (tax code). "LID" means Limited Improvement District. "N/A" means not applicable. "NAC" means Nevada
28 Administrative Code. "NRS" means Nevada Revised Statues as Amended. "Party" or "Parties" means Buyer and Seller.
29 "PITI" means principal, interest, taxes, and hazard insurance. "PMI" means private mortgage insurance. "PST" means
30 Pacific Standard Time, and includes daylight savings time if in effect on the date specified. "PTR" means Preliminary Title
31 Report. "Property" means the real property and any personal property included in the sale as provided herein. "Receipt"
32 means delivery to the party or the party's agent. "Seller" means one or more individuals or the entity that is the owner of the
33 Property. "SID" means Special Improvement District. "Title Company" means the company that will provide title insurance.
34 "USC" is the United States Code. "VA" is the Veterans Administration.
35
36 **24.    DELIVERY, FACSIMILE, COPIES AND NOTICES.**
37         A.    Delivery of all instruments or documents associated with this Agreement shall be delivered to the Agent for
38 Seller or Buyer if represented. This Agreement may be signed by the parties on more than one copy, which, when taken
39 together, each signed copy shall be read as one complete form. Facsimile signatures may be accepted as original.
40
41         B.    Except as otherwise provided in Section 9, when a Party wishes to provide notice as required in this
42 Agreement, such notice shall be sent regular mail, personal delivery, by facsimile, overnight delivery and/or by email to the
43 Agent for that Party. The notification shall be effective when postmarked, received, faxed, delivery confirmed, and/or read
44 receipt confirmed in the case of email. Any cancellation notice shall be contemporaneously faxed to Escrow.
45
46 **25.    IRC 1031 EXCHANGE:** Seller or Buyer may make this transaction part of an IRC 1031 exchange. The party
47 electing to make this transaction part of an IRC 1031 exchange will pay all additional expenses associated therewith, at no cost
48 to the other party. The other party agrees to execute any and all documents necessary to effectuate such an exchange.
49
50 **26.    OTHER ESSENTIAL TERMS:** Time is of the essence. No change, modification or amendment of this Agreement
51 shall be valid or binding unless such change, modification or amendment shall be in writing and signed by each party. This
52 Agreement will be binding upon the heirs, beneficiaries and devisees of the parties hereto. This Agreement is executed and
53 intended to be performed in the State of Nevada, and the laws of that state shall govern its interpretation and effect. The parties
54 agree that the county and state in which the Property is located is the appropriate forum for any action relating to this

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a
particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name:     Roberto Chavez Villalta, Janet Luz Velasquez     BUYER(S) INITIALS: JV  RC
                  Calderon

Property Address:     4740 Glenndavis Dr.
                      Las Vegas, NV  89121     SELLER(S) INITIALS: CB  /

Rev. 6/09     ©2009 Greater Las Vegas Association of REALTORS®     Page 9 of 11

1    Agreement. Should any party hereto retain counsel for the purpose of initiating litigation to enforce or prevent the breach of
2    any provision hereof, or for any other judicial remedy, then the prevailing party shall be entitled to be reimbursed by the losing
3    party for all costs and expenses incurred thereby, including, but not limited to, reasonable attorneys fees and costs incurred by
4    such prevailing party.
5
6    **THIS IS A LEGALLY BINDING CONTRACT.** All parties are advised to seek independent legal and tax advice to review
7    the terms of this Agreement.
8
9    **NO REAL ESTATE BROKER/AGENT MAY SIGN FOR A PARTY TO THIS AGREEMENT UNLESS THE**
10   **BROKER OR AGENT HAS A PROPERLY EXECUTED POWER OF ATTORNEY TO DO SO.**
11
12   **THIS FORM HAS BEEN APPROVED BY THE GREATER LAS VEGAS ASSOCIATION OF REALTORS®**
13   **(GLVAR). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY**
14   **PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO**
15   **ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN**
16   **APPROPRIATE PROFESSIONAL.**
17
18   This form is available for use by the real estate industry. It is not intended to identify the user as a REALTOR®.
19   REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL
20   ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.
21
22   **27.    ADDENDUM(S) ATTACHED:** Roberto Ismael Chavez Villalta, Janet Luz Velasquez Calderon;
23   Full names to be on title. Roberto's name did not fit into Zipforms.
24
25
26
27
28
29
30   **28.    ADDITIONAL TERMS:**
31
32
33
34
35
36
37
38
39
40
41

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a
particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name:    Roberto Chavez Villalta, Janet Luz Velasquez        BUYER(S) INITIALS: JV  RC
                 Calderon
Property Address:    4740 Glenndavis Dr                              SELLER(S) INITIALS: CB
                     las vegas, nv  89121
Rev. 6/09            ©2009 Greater Las Vegas Association of REALTORS®              Page 10 of 11

## Earnest Money Receipt

BUYER'S AGENT ACKNOWLEDGES RECEIPT FROM BUYER HEREIN of the sum of $ 3,000.00 evidenced by ☐ Cash,  ☐ Cashier's Check, ☒ Personal Check, or ☐ Other _____ payable to TITLE _____ . Upon Acceptance, Earnest Money to be deposited within ONE (1) business day, with ☒ Escrow Holder, ☐ Buyer's Broker's Trust Account, - OR - ☐ Seller's Broker's Trust Account.

Date: 12/14/2011    Signed: _David Abelson_ _____    Buyer's Agent:
DANIEL ABELSON

## Buyer's Acknowledgement of Offer

Upon Acceptance, Buyer agrees to be bound by each provision of this Agreement, and all signed addenda, disclosures, and attachments.

_[signature]_ _____    Roberto Chavez Villalta    12/14/2011    ___:___  ☐ AM ☐ PM
Buyer's Signature                  Buyer's Printed Name       Date        Time

_Janet Luz Velazquez_ _____    Janet Luz Velazquez Calderon    12/14/2011    ___:___  ☐ AM ☐ PM
Buyer's Signature                  Buyer's Printed Name       Date        Time

Seller must respond by: 5:00 ☐ AM ☒ PM on (month) __December__ , (day) __20__ , (year) __2011__ . Unless this Agreement is accepted, rejected or countered below and delivered to the Buyer's Broker before the above date and time, this offer shall lapse and be of no further force and effect.

Confirmation of Representation: The Buyer is represented in this transaction by:

Buyer's Broker: WILBUR J. WALLACE                Agent's Name: DANIEL ABELSON
Company Name: EXIT REALTY The Infinity Group     Office Address: 9484 W Flamingo #270
Phone: (702) 325-7434                            Fax: (702) 609-1294
Email: exitdreamteam@gmail.com

## Seller's Response

☒ ACCEPTANCE: Seller(s) acknowledges that he/she accepts and agrees to be bound by each provision of this Agreement, and all signed addenda, disclosures, and attachments.
☐ COUNTER OFFER: Seller accepts the terms of this Agreement subject to the attached Counter Offer #1.
☐ REJECTION: In accordance with NAC 645.632, Seller hereby informs Buyer the offer presented herein is not accepted.

_[signature]_ _____    CARL BASSETT    12/19/11    10:00 ☒ AM ☐ PM
Seller's Signature                 Seller's Printed Name    Date       Time

_____    _____    ___:___  ☐ AM ☐ PM
Seller's Signature                 Seller's Printed Name    Date       Time

Confirmation of Representation: The Seller is represented in this transaction by:

Seller's Broker: _____                Agent's Name: _____
Company Name: _____                   Office Address: _____
Phone: _____                          Fax: _____
Email: _____

Each party acknowledges that he/she has read, understood, and agrees to each and every provision of this page unless a particular paragraph is otherwise modified by addendum or counteroffer.

Buyer's Name: Roberto Chavez Villalta, Janet Luz Velasquez Calderon    BUYER(S) INITIALS: _JL_ _RC_

Property Address: 4740 Glenndavis Dr    las vegas, nv  89121    SELLER(S) INITIALS: _CB_

Rev. 6/09                    ©2009 Greater Las Vegas Association of REALTORS®    Page 11 of 11

Produced with ZipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com

Roberto

NETCO

**NETCO File Number:NNV-1161860**

**Buyer Last Name: Villalta & Calderon**

---

**Exhibit A**
**Legal Description**

**Lot Six Hundred Fifty (650) in Block Twenty-One (21) of Desert Hills Unit No. 6, as shown by map thereof on file in Book 7 of Plats, Page 39, in the Office of the County Recorder of Clark County, Nevada.**

**Commonly known as: 4740 Glenn Davis Street, Las Vegas, NV  89121**

**Parcel Number: 161-20-811-005**

# NETCO TITLE COMPANY

**7345 S. Pecos Road, Suite 103**
**Las Vegas, NV 89120**
**Phone: (702) 434-1417    Fax: (702)434-4503**

### Email: clowery@netcotitle.com

Date: 01/19/2012

**File Number: NNV-1161860**

Property : 4740 Glenn Davis Street, Las Vegas, NV 89121

## INSTRUCTIONS TO PAY COMMISSION

Upon close of escrow, from funds received and/or held by you on my behalf you are instructed to pay:

**REAL ESTATE ONE LLC**

**155 W. WARM SPRINGS #110**

**HENDERSON, NEVADA 89014**

**ATTN; BRIAN J. HORNER**

a licensed real estate broker the sum of: $1,710.00...(3%)        Doc Transaction Fee 395.00

Upon close of escrow, from funds received and/or held by you on my behalf you are instructed to pay:

**EXIT REALTY**

**9484 W. FLAMINGO RD #270**

**Las Vegas, NV 89147**

**ATTN; DANIEL ABELSON**

a licensed real estate broker the sum of: $1,710.00...(3%)        Doc Transaction Fee $460.00

The employment of said broker(s) to effect the sale-mortgage-exchange of the property described in said escrow is acknowledged by the undersigned, who agreed to pay said sum to said broker(s) as a commission for services rendered pursuant to said employment.

**This is an IRREVOCABLE COMMISSION ORDER and cannot be amended or revoked, insofar as it relates to payment of commission, without the prior written consent of broker(s) named herein, who shall be deemed a party to the escrow for the sole and exclusive purpose of receiving said commission.**

Seller:

_____
Kalyn Bassett            Date

Please mail payment(s) to address(s) below, unless payment is called for on the day this escrow is closed.

REAL ESTATE ONE LLC                                    EXIT REALTY

By:_____        By:_____

License No.:_____              License No.: _____

Address: _____        Address: _____
Telephone: _____              Telephone: _____



# ADDENDUM NO. ___1___
## TO PURCHASE AGREEMENT

In reference to the Purchase Agreement executed by __Roberto Chavez Villalta, Janet Luz__
__Velasquez Calderon_____ as Buyer(s) and _____
_____ as Seller(s), dated __December 24, 2011__
covering the real property at __4740 glenn davis, las vegas, nv  89121__
_____, the [X] Buyer [ ] Seller hereby proposes that the Purchase
Agreement be amended as follows:

__Seller to credit $750 at closing for repairs found on home__
__inspection.__

When executed by both parties, this Addendum is made an integral part of the aforementioned
Purchase Agreement.

**WHEN PROPERLY COMPLETED, THIS IS A BINDING CONTRACT. IF YOU DO NOT
FULLY UNDERSTAND ITS CONTENTS, YOU SHOULD SEEK COMPETENT LEGAL
COUNSEL BEFORE SIGNING.**

[X] Buyer [ ] Seller                    __12/24/2011__
Roberto Chavez Villalta          Date

[X] Buyer [ ] Seller
Janet Luz Velasquez Calderon

Acceptance:

[ ] Buyer [X] Seller                    __12/27/2011__
                                        Date

[ ] Buyer [ ] Seller                    Time

Prepared by: _Daniel Abelson_____          __(702)609-1294__
        Agent's Name DANIEL ABELSON             Phone

## ADDENDUM NO. ___2___
## TO PURCHASE AGREEMENT



In reference to the Purchase Agreement executed by **Roberto Chavez Villalta, Janet Luz Velasquez Calderon** _____ as Buyer(s) and **Carl Bassett** _____
_____ as Seller(s), dated **December 28, 2011**
covering the real property at **4740 Glenndavis Dr., Las Vegas,    89121**
_____ , the ☐ Buyer ☒ Seller hereby proposes that the Purchase
Agreement be amended as follows:

**1. Escrow to be cancelled with Linear Title, all funds, EMD, to be transfered over to NETCO title with no delays.**

When executed by both parties, this Addendum is made an integral part of the aforementioned Purchase Agreement.

**WHEN PROPERLY COMPLETED, THIS IS A BINDING CONTRACT. IF YOU DO NOT FULLY UNDERSTAND ITS CONTENTS, YOU SHOULD SEEK COMPETENT LEGAL COUNSEL BEFORE SIGNING.**

☐ Buyer ☒ Seller                                    **12/28/2011**
**Carl Bassett**                                      Date

☐ Buyer ☒ Seller                                    12/28/2011
                                                      Time

Acceptance:

☒ Buyer ☐ Seller _____                  _____ Date
**Roberto Chavez Villalta**

☒ Buyer ☐ Seller _____                  _____ Time
**Janet Luz Velasquez Calderon**

Prepared by: _____                      **(702) 498-4444**
       Agent's Name **Brian J. Horner**              Phone

# ADDENDUM NO. ___3___
## TO PURCHASE AGREEMENT



In reference to the Purchase Agreement executed by <u>Roberto Chavez Villalta, Janet Luz</u> <u>Velasquez Calderon</u> as Buyer(s) and _____ _____ as Seller(s), dated <u>January 10, 2012</u> covering the real property at <u>4740 glenndavis, las vegas, nv  89121</u> _____ , the [X] Buyer ☐ Seller hereby proposes that the Purchase Agreement be amended as follows:

<u>**Final purchase price to be $57,000. All other terms to remain the**</u>
<u>**same.** CLOSE OF ESCROW WILL BE WITHIN 4 BUSINESS DAYS OF COMPLETED TITLE</u>
<u>INSURANCE.</u>

When executed by both parties, this Addendum is made an integral part of the aforementioned Purchase Agreement.

**WHEN PROPERLY COMPLETED, THIS IS A BINDING CONTRACT. IF YOU DO NOT FULLY UNDERSTAND ITS CONTENTS, YOU SHOULD SEEK COMPETENT LEGAL COUNSEL BEFORE SIGNING.**

_____          <u>01/10/2012</u>
[X] Buyer ☐ Seller                           Date
**Roberto Chavez Villalta**

*Janet Luz Velasquez*
[X] Buyer ☐ Seller                           Time
**Janet Luz Velasquez Calderon**

Acceptance:

*Kalyn Bassett*
☐ Buyer [X] Seller                           1/13/2012
                                             Date

_____          _____
☐ Buyer ☐ Seller                             Time

Prepared by: _____          <u>(702) 609-1294</u>
Agent's Name **DANIEL ABELSON**               Phone

Addendum to Purchase Agreement 2/07
SellState NRES 8650 West Tropicana Ave, Las Vegas, NV 89147
Kevin Ogden

© 2007 Greater Las Vegas Association of REALTORS®
Phone: (702) 325 - 7434          Fax: (702) 617 - 2421
Produced with ZipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com          Roberto

# EXHIBIT 3

# NETCO TITLE COMPANY
### 7345 S. Pecos Road, Suite 103
### Las Vegas, NV 89120
### Phone: (702) 434-1417      Fax: (702)434-4503
### Email: clowery@netcotitle.com

**Date:**   01/19/2012

| | |
|---|---|
| **Escrow Officer** | : Connie Lowery |
| **Escrow Number** | : NNV-1161860 |
| **Seller** | : Kalyn Bassett |
| **Buyer** | : Roberto Chavez Villalta and Janet Luz Velasquez Calderon |
| **Property Address** | : 4740 Glenn Davis Street |
| | Las Vegas, NV 89121 |

### ESCROW INSTRUCTIONS AND GENERAL PROVISIONS

On or before the actual date of settlement, Buyer and Seller herein agree to comply with the terms and conditions of the Residential Purchase Agreement dated December 28, 2011, attached hereto and by this reference made a part hereof.

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.
COMMONLY KNOWN AS: 4740 Glenn Davis Street, Las Vegas, NV 89121

Escrow Agent is authorized to obtain demands on any matters of record as required and Escrow Holder is authorized and instructed to pay all demands required to place title in the condition called for within these instructions.

Escrow is to be considered and held as a depository only, and shall not be responsible or liable in any manner whatsoever for the sufficiency or correctness as to form, manner or execution, or validity of any instrument deposited in this escrow, nor as to the identity, authority or rights of any person executing the same; and your duties hereunder shall be limited to the safekeeping of such money, instruments or other documents received by you as such Escrow Holder, and of the delivery of the same in accordance with the written escrow instructions accepted by you in this escrow.

Escrow Agent is released from any and all liability and/or responsibility in connection with any condition, agreement or provision in the Agreement that is not within the control of escrow or that shall survive the close of escrow.

THE FOREGOING INSTRUCTIONS AND THE GENERAL PROVISIONS ATTACHED HERETO ARE HEREBY APPROVED BY ALL OF THE UNDERSIGNED AND THEY AGREE TO HAND YOU THE DOCUMENTS AND/ OR FUNDS AS REQUIRED TO COMPLY WITH SAME.

Buyer:

_____
Roberto Chavez Villalta

_____
Janet Luz Velasquez Calderon

Seller:

_____
Kalyn Bassett

### General Provisions

**1.  DEPOSIT OF FUNDS, OPPORTUNITY TO EARN INTEREST AND PRORATIONS**
All Funds received in this escrow will be deposited in a non-interest bearing general escrow account.  The principals of this escrow acknowledge that the funds on deposit are insured only to the limit provided by the Federal Deposit Insurance Corporation.
You have the opportunity to earn interest on the funds you deposit with us by instructing us to deposit your funds in an interest bearing account (you do not have an opportunity to earn interest on any funds deposited by a lender).  If you elect to earn interest, there is an additional fee in the amount of $50.00 for establishing and maintaining such an account. It is important that you consider this cost as it may exceed the actual interest you earn.

All prorations and/or adjustments called for in this escrow shall be made on the basis of a 30 day month or 360 day year, unless otherwise instructed in writing. Proration of real property taxes including supplemental real property taxes will be made on the basis of the latest available figures provided to Escrow Holder.
The phrase close of escrow (COE) as used herein means the date on which instruments/documents are recorded.
Disbursements from this escrow will be made by check of Escrow Holder. Unless otherwise instructed in writing, checks will be issued jointly to the parties designated as payees. Signatures (including initials) of principals or their duly authorized agents on any documents/instrument and/or instruction pertaining to this escrow indicate approval of same.

**2.  SPECIAL RECORDINGS**
If a "SPECIAL RECORDING" is arranged and completed, meaning recording the documents called for in this escrow, at any time other than the standard recording time for title companies, then all parties hereto represent and warrant that during the period of time between the standard recording time and the time the documents are actually recorded pursuant to the  'SPECIAL RECORDING," no additional liens, encumbrances or exceptions to the title whether involuntary or voluntary, of any kind or nature will attach to or be recorded a against the subject property, nor will the subject property be otherwise transferred or conveyed. All parties hereby expressly agree to indemnify and hold Escrow Holder harmless from all claims, losses or damages and attorney's fees resulting from any such additional liens, encumbrances, exceptions to title, transfers or conveyances.

**3.  AUTHORIZATION TO DELIVER**
If it is necessary, proper or convenient for the consummation of this escrow, Escrow Holder is authorized to deposit or have deposited funds or documents, or both, handed to Escrow Holder under these escrow instructions with any duly authorized sub-escrow agent, including, but not limited to, any bank, trust company, title insurance company, title company, savings and loan association, or licensed escrow agent, at or before close of escrow in connection with closing this escrow. Any such deposit shall be deemed a deposit under the meaning of these escrow instructions.

**4.  AUTHORIZATION TO FURNISH COPIES**
Furnishing copies of any/all escrow instructions, amendments, supplements preliminary reports, notices of cancellation and closing statements in this escrow to the real estate broker(s), lenders and/or attorney's representing principals to this escrow is authorized. Escrow Holder shall not incur any liability to the parties for delivery of said copies.

**5.  TIME AND WRITTEN NOTIFICATION**
Time is of the essence. In the event the conditions of this escrow have not been complied with at the expiration of the time provided for herein you are permitted, though not required, to complete the same at the earliest possible date thereafter. No notice, demand or change of instructions shall be of any effect to alter, amend, supplement, or vary the terms of these instructions unless given in writing and signed by all parties affected thereby.

**6.   CANCELLATION PROVISIONS**
Any principal instructing Escrow Holder to cancel escrow shall file notice of cancellation in Escrow Holder's office in writing and so state the reason for cancellation. Upon receipt of same, Escrow Holder shall prepare cancellation instructions for signatures of the principals and shall forward same to the principals. Upon  receipt of mutually agreeable cancellation  instructions signed by all principals and after payment of Escrow Holder's cancellation charges, Escrow Holder is authorized to comply  with such instructions and cancel the escrow.  If a demand to cancel this escrow is submitted to Escrow Holder or if there is no written communication from the parties for  a period of six months, Escrow Holder shall notify the parties of its intention to cancel escrow and return all documents  and funds to the party depositing same (less cancellation fees and costs.  If no written objection to such notice is given to Escrow Holder within fifteen (10) days of the mailing of such notice, Escrow Holder shall cancel escrow and return all funds and/or documents then held by Escrow Holder to the party  depositing funds, less any  incurred fees.

**7.   ACTION  IN  INTERPLEADER OR OTHER COURT OR  LEGAL PROCEEDINGS**
The principals hereto expressly agree that Escrow Holder has the absolute right, at its election, to file an action in interpleader requiring the principals to answer and to litigate their several claims and rights among themselves and Escrow Holder is authorized to deposit with the clerk and the court, all documents, instruments and funds held in escrow. In the event such action is filed, the principals jointly and severally agree to pay Escrow Holder's cancellation charges and costs, expenses and reasonable attorney's fees it is required to expend or incur in such interpleader action, the amount thereof to be fixed and judgment therefore to be rendered by the court. Upon filing of such action, Escrow Holder is thereupon fully released and discharged from all obligations to further perform any duties or obligations otherwise imposed by the terms of this escrow.

**8.   PERSONAL PROPERTY TAX**
Escrow Holder is not responsible for any Personal property tax which may be assessed to any former owner of the property that is the subject of this escrow, nor for the corporation or license tax of any corporation as a former owner. No examination or insurance as to the amount of payment of personal

taxes is required unless specifically requested.

**9.  LIMITATION ON DUTY TO PERFORM**
It is agreed by the parties hereto, that so far as Escrow Holder's rights and liabilities are involved, the transaction is an escrow and not any other legal relation and **NETCO, INC.** is an Escrow Holder only on the within expressed terms, an Escrow Holder shall have no responsibility for notifying any of the parties to this escrow of any sale, resale, loan, exchange or other transaction involving any property herein described or of the profit realized by any person, firm or corporation (broker, agent and parties to this and/or other escrow included), in connection therewith, regardless of the fact that such transaction(s) may be handled concurrently by Escrow Holder in this escrow or in another escrow.

**10.  LEGAL ADVICE**
The parties acknowledge and understand that Escrow Holder is not authorized to practice law, nor give financial advice. The parties are hereby advised to seek legal and financial counsel and advice concerning the effect of these escrow instructions. The parties acknowledge that no representations are made by Escrow Holder about the legal sufficiency, legal come consequences, financial effect or tax consequences of the within escrow instructions.

**11.  DISCLOSURE OF CONDITIONS PRECEDENT**
The parties to this escrow, by execution thereof, acknowledge their duty to Escrow Holder of full disclosure of those matters shall affect the transfer of subject property and conditions of title (inclusive of real personal and intangible property, which matters may result in a lien against subject property). Disclosure shall include, but is not limited to: water, stock, owners association or maintenance dues, contractual obligations not automatically terminated upon sale, notes, deeds of trust, and vendors' liens.

**12.  STATE/FEDERAL CODE NOTIFICATION**
According to Federal Law, the Seller(s), when applicable, will be required to complete a 1099-S worksheet that will be utilized to generate a 1099 reporting statement to the Internal Revenue Service.

You are released from and shall have no liability, obligations or; responsibility with respect to (a) withholding of funds pursuant to Section 1445 of the Internal Revenue Code of 1984, "Foreign Investors in Real Property Act" **(FIRPTA),** as amended, (b) advising of requirements, (c) determining whether the seller is a foreign person, under such Section, or (d) obtaining a non-foreign affidavit or other exemption from withholding under such Section nor otherwise making any inquiry concerning compliance with such Section by any party to this transaction.

**13.  CAPTIONS AND COUNTERPARTS**
Captions in these escrow instructions are inserted for convenience of reference only and do not define, describe or limit the scope of the intent of these instructions or an of the terms hereof. These instructions may be executed in counterparts, each of which so executed shall, irrespective of the date of its execution and delivery, be deemed an original, and said counterparts together shall constitute one and the same instrument.

**14.  BINDING**
All terms of these escrow instructions shall be binding upon and inure to the benefit and be enforceable b the parties hereto and their respective legal representatives, successors and assigns. In the event any term, covenant, condition, provision or agreement herein contained is held to be invalid or void by any court of competent jurisdiction, the invalidity of any such term, covenant, condition, provision or agreement shall in no way affect any other term, covenant, condition, provision or agreement herein contained.

**15.  USURY**
Escrow Holder is not to be concerned with an question of usury in any loan or encumbrance involved in the processing of this escrow and is hereby released of any liability or responsibility therefore.

**16.  CONFLICTING DEMANDS INTERPLEADER**
No notice, demand or change of instructions shall be of any effect in this escrow unless given in writing by all parties affected thereby. If conflicting demands are made in connection with this escrow, Escrow Holder shall have the absolute right to either withhold and stop all proceedings, or file suit in the interpleader and obtain an order from the court requiring the parties to interplead their several claims and rights amongst themselves.

**17.  FACSIMILE AND ELECTRONIC MAIL**
All parties acknowledge that documents and instructions may be transmitted via facsimile (FAX) and/or electronic mail (email). In the event the principals of this transaction, their agents, or assigns, utilize "facsimile (FAX)" transmitted instructions, Escrow Holder may re1y and act upon such instructions in the same manner as if original signed instructions were in the possession of Escrow Holder. Any instructions for release of funds will require original signatures prior to said release.

**18.  DISCRETIONARY TERMINATION**
At the sole discretion of Escrow Holder, Escrow Holder may elect to terminate its escrow relationship with the principals to the escrow. Funds and documents will be returned upon mutual instructions of the appropriate parties.

**19.  PURCHASE AGREEMENT**
If any form of Purchase agreement or amendment or supplement (collectively "Purchase Agreement" ) is deposited to this escrow, it is understood that such document shall be effective only as between the parties signing the purchase Agreement. Escrow Holder's only duty is to comply with the instructions set forth in the escrow instructions and shall not be responsible for interpreting or acting on any provision of any Purchase Agreement on which these escrow instructions may be based. Escrow Holder shall not rely on any knowledge or understanding Escrow Holder may have of any such Purchase Agreement in ascertaining or performing the duties of Escrow Holder. In connection with any loan transaction, Escrow Holder is authorized to deliver a copy of any Purchase Agreement and a copy of all escrow instructions, supplements or amendments to the Lender.

**20.  ENVIRONMENTAL DISCLOSURE**

Notwithstanding any actual or other knowledge on the part of Escrow Holder, the parties agree to release Escrow Holder from any and all liability of any kind or nature and to indemnify any and all liability of any kind or nature and to indemnify Escrow Holder of any loss, damages, claims, judgments or costs of an kind or nature resulting from or related to the release or discharge of hazardous or toxic wastes on the subject property whether it occurred in the past or present or may occur in the future which release or discharge is in violation of law, in excess of any state and federal standards, permit requirements and/or disclosure requirements existing at this time or which may exist at a future time. The parties represent that they made their own assessment of the condition of the subject property and have not relied on any of your representations in making the assessment. The parties are advised to seek independent legal and technical environmental expert advice in assessing the risks associated with potential hazardous or toxic wastes.

## 21.  ADDITIONAL DOCUMENTS HANDED TO ESCROW HOLDER
Parties agree to hand Escrow Holder applicable documentation to establish their authority to act. Those documents may include, but shall not be limited to the following:

1) If an individual: Statement of Information
2) If a corporation: A Corporate resolution signed by the Secretary of the Corporation, authorizing the acquisition, encumbrance (if applicable), or sale of the subject property, and designating the authorized signatories on behalf of the corporation, together with a copy of the Articles of Incorporation & By-Laws.
3) If a Trust: copy of the Trust Agreement any amendments thereto and/or a Certificate of Trust.
4) If a General Partnership: An original Statement of Partnership, in recordable form (if not already recorded) to be recorded in the County in which the subject property is located. A copy of the partnership a agreement is also requested.
5) If a Limited Partnership: The LP-I form, certified by the Secretary of State to record (if not already recorded) in the county in which the subject property is located. A copy of the partnership agreement is also requested.
6) If a Joint Venture: The requirements specified 1, 2, and 3 herein will be applicable as it relates to the entities which comprise the Joint Venture.
7) If a Limited Liability Company (LLC): The LLC certified by the Secretary of State to record (if not already recorded) in the county in which the subject property  is located. The LLC must reflect an expiration date. One person  must be named on the LLC as managing the LLC, or all members must sign. A copy of the operating agreement is required.

The parties further acknowledge that in the event the partners of a partnership are individuals, it may be required that each such partner submit a completed and executed Statement of Information.

## 22.  DESTRUCTION OF RECORDS
Escrow Holder is authorized to destroy or otherwise dispose of any and all documents, papers, instructions, correspondence and other materials pertaining to this escrow at the expiration of seven (7) years from the close of escrow or cancellation thereof.

## 23.  GOOD FUNDS
The law requires that funds be deposited in the title company escrow account and available for withdrawal prior to disbursement. Funds received via wire transfer may be disbursed upon receipt. Funds received via cashier's checks or teller checks  may be disbursed on the next business day after the day of deposit. If funds are received by any other means, recording and/or disbursement may be delayed. NETCO Title Company. shall not be responsible for accruals of interest or other charges resulting from compliance with the disbursement restrictions imposed by state law. If any check submitted is dishonored upon presentment for payment, you are authorized to notify all principals and/or respective agents of such nonpayment.

## 24.  INDEMNITY FOR ATTORNEY'S FEES AND COSTS
In the event suit is brought by any part or parties to this escrow, including NETCO Title Company, as against each other or others, including NETCO Title Company, which results in a dismissal of or judgment in favor of NETCO Title Company., the parties hereto agree to hold harmless, reimburse and indemnify NETCO Title Company, its officers and employees, from any loss, expenses, costs and attorney's fees incurred.

**THIS AGREEMENT IN ALL PARTS APPLIES TO, INURES TO THE BENFIT OF, AND BINDS ALL PARTIES HERETO, THEIR HEIRS, LEGATEES, DEVISEES, ADMINISTRATORS, EXECUTORS, SUCCESSORS AND ASSIGNS, AND WHENEVER THE CONTEXT SO REQUIRES THE MASCULINE GENDER INCLUDES THE FEMININE AND NEUTER, AND THE SINGULAR NUMBER INCLUDES THE PLURAL. THESE INSTRUCTIONS AND ANY OTHER AMENDMENTS MAY BE EXECUTED IN ANY NUMBER OF COUNTERPARTS, EACH OF WHICH SHALL BE CONSIDERED AS AN ORIGINAL AND BE EFFECTIVE AS SUCH. MY/OUR INITIAL(S) HERETO CONSTITUTES INSTRUCTION TO ESCROW HOLDER OF ALL TERMS AND CONDITIONS CONTAINED IN THIS AND ALL PRECEDING PAGES AND FURTHER SIGNIFIES THAT I/WE HAVE READ AND UNDERSTAND THESE GENERAL PROVISIONS.**

INITIAL: _____        INITIAL: _____        INITIAL: _____        INITIAL:_____

---

**Netco, Inc.**

**7345 S. Pecos Road, Suite 103**

**Las Vegas, NV  89120**

**For commitment questions: Connie Lowery**

**phone: (702) 434-1417  fax: (866) 209-3327**

**e-mail: clowery@netcotitle.com**

---

COMMITMENT FOR TITLE INSURANCE
SCHEDULE A

Reference: Villalta                 Loan Number:                File No. NNV-1161860

Attn: Brian Horner

1. Effective Date: January 13, 2012 at 8:00 A.M.


2. Policy or Policies To Be Issued                                      Policy Amount


   (a) A.L.T.A. Owner's Policy 2006                              $57,000.00


   Proposed Insured: Roberto Chavez Villalta and Janet Luz Velasquez Calderon


   (b) ALTA 2007 Short Form Residential Loan Policy                    $0.00


   Proposed Insured:


3. The estate or interest in the land described or referred to in this Commitment is Fee Simple
   and title to the land is at the time of the Effective Date vested in:

   Kalyn Bassett, a married woman as her sole and separate property


4. The land referred to in this Commitment is situated in Clark County, State of Nevada and is described as
   follows:
     See Appendix A
   Examiner:
               Authorized Officer or Agent of Stewart Title Guaranty Company

**Please read the exceptions and the terms shown or referred to herein carefully. The exceptions are meant to provide
you with notice of matters which are not covered under the terms of the title insurance policy and should be
carefully considered.**

SUBJECT TO THE TERMS AND CONDITIONS OF 2006 ALTA COMMITMENTS AND ALTA POLICY FORMS.


ALTA 2006 Commitment  (Sale)

Issued by Netco, Inc. 401 Fountain Lakes Boulevard,Saint Charles, MO  63301

Underwritten by Stewart Title Guaranty Company

File Number: NNV-1161860

## SCHEDULE B - SECTION I
## (REQUIREMENTS)

The following requirements must be met:

1. Pay the agreed amounts for the interest in the land and/or the mortgage to be insured.

2. Pay us the premiums, fees and charges for the policy.

3. Documents satisfactory to us creating the interest in the land and/or the mortgage to be insured must be signed, delivered and recorded:

Deed of conveyance from Kalyn Bassett, a married woman as her sole and separate property to Roberto Chavez Villalta and Janet Luz Velasquez Calderon conveying the real estate described in Schedule A, hereof, and

Mortgage or Deed of Trust, executed by Roberto Chavez Villalta and Janet Luz Velasquez Calderon and given to  in the amount of $0.00, securing the loan to be insured.

4. You must tell us in writing the name of anyone not referred to in this Commitment who will get an interest in the land or who will make a loan on the land. We may then make additional requirements or exceptions.

5. Pursuant to the Tax Reform Act of 1986, Title I, Subtitle C, Section 1521: Requires the settlement agent to report real estate transactions. Relative thereto we note the following and require:
A. At closing we must be furnished with the tax identification numbers of the recipients of any or all of the net proceeds of the transaction.
B. Failure to comply with the regulation will result in a 20 percent hold-back to be deposited with the Internal Revenue Service pursuant to the aforesaid act.

6. Pay all taxes, charges, assessments, levied and assessed against subject premises, which are due and  payable.

ALTA 2006 Commitment  (Sale)

Issued by Netco, Inc. 401 Fountain Lakes Boulevard,Saint Charles, MO 63301

Underwritten by Stewart Title Guaranty Company

File Number: NNV-1161860

## SCHEDULE B - SECTION II

### (EXCEPTIONS)

Schedule B of the policy or policies to be issued will contain exceptions to the following matters unless the same are disposed of to the satisfaction of the Company:

1. Defects, liens, encumbrances, adverse claims or other matters, if any, created, first appearing in the public records or attaching subsequent to the effective date hereof but prior to the date the proposed insured acquires for value of record the estate or interest or mortgage thereon covered by this Commitment.

(Note: This exception will not appear on final Title Policy.)

2. Facts which would be disclosed by a comprehensive survey of the premises herein described.

3. Rights or claims of parties in possession not shown by the public records.

4. Mechanic's and Materialmen's liens not shown by the public records.

5. Easements or claims of easements, not shown by the public records.

6. Covenants, conditions, restrictions, reservations, and easements of record.

7. Taxes or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public record.

8. Taxes for the year 2011-2012 and thereafter, not yet due or payable.


Note:  Tax Parcel ID #  161-20-811-005


Note:  Total Assessed Value:    Land:             $6,300.00
                                Improvements:  $7,419.00
                                Total:            $13,719.00

Note:  The property address is:  4740 Glenn Davis Street,Las Vegas, NV 89121


Note: The 2009-2010 taxes are paid in full.

Note: The 2010-2011 taxes are paid in full.

Note: The first installment of the 2011-2012 taxes is posted paid in the amount of $85.55.

Note: The second installment of the 2011-2012 taxes is posted paid in the amount of $85.56.

Note: The third installment of the 2011-2012 taxes is posted paid in the amount of $85.56.

ALTA 2006 Commitment  (Sale)

Issued by Netco, Inc. 401 Fountain Lakes Boulevard,Saint Charles, MO 63301

Underwritten by Stewart Title Guaranty Company

File Number: NNV-1161860

Note: The fourth installment of the 2011-2012 taxes is outstanding in the amount of $85.56 and must be paid by March 5, 2012 to avoid any additional costs and interest.

Note: Clark County Nevada taxes are due in four installments by August 15, and October 3 of the year prior to the year assessed (i.e. 2011 payable in 2010) and by January 13 and March 17 of the year assessed and are payable to, Clark County Treasurer, 500 South Grand Central Parkway, PO Box 551220, Las Vegas, Nevada 89155 Phone: (702) 455-4323 http://trweb.co.clark.nv.us/county/treas/content.htm

9. We find no open Deed of Trusts of record. Please verify by inquiry of Escrow Personnel and/or Agents whether or not we have overlooked something and advise the Title Department, prior to closing. Also, we will require the attached Affidavit of No Open Mortgage, Deed of Trust or Security Instrument be completed.

10. Bankruptcy Case Number: 09-28379
Debtor(s): Carl A. Bassett
Court District: The Las Vegas District of the State of Nevada

We must be provided with the petition and order for relief along with all schedules. If a judgment or lien is included in said proceeding, a release of said judgment or lien must be obtained and recorded or an order of the bankruptcy court to set aside the subject property free and clear of said judgment or lien, in recordable form, must be provided. An order from the court approving the contemplated sale or encumbrance of said property, in recordable form, must also be obtained. Note: Additional exceptions or requirements may be made upon review of information requested.

11. The spouse, if any, of each party(ies) to the contemplated transaction must join in the execution of any conveyance or mortgage of the subject property in order to release any marital, dower, courtesy, community property or homestead interests, as applicable.

The marital status of the any grantor must be listed on the face of the instrument establishing the interest to be insured.

12. We must be provided with a properly executed deed of conveyance from Carl Bassett to Kalyn Barrett in recordable form prior to the time of closing.

13. Easements as shown in instrument filed as Plat (book) 7, (page) 39 of the Official Records of Clark County, Nevada

14. Covenants, Conditions, Restrictions and Building Setback Lines contained in Plat filed as Plat (book) 7, (page) 39 of the Official Records of Clark County, Nevada but deleting any covenant, condition or restriction based upon race, color, religion, sex, handicap, familial status, national origin, age, ancestry, disability or use of guide or support animals to the extent such covenants, conditions or restrictions violate 42 U.S.C. Section 3604(c) and/or applicable State or Local Code.

Note:
24 month chain of title and last deed of conveyance: The following is shown for informational purposes only and not for the purposes of insuring: Title to the estate or interest shown in Schedule A was acquired by an instrument dated January 17, 1997 and recorded on January 24, 1997 as (instrument) 970124-01698 of the

ALTA 2006 Commitment (Sale)

Issued by Netco, Inc. 401 Fountain Lakes Boulevard,Saint Charles, MO  63301

Underwritten by Stewart Title Guaranty Company

File Number: NNV-1161860

Official Records of Clark County, Nevada from Dennis L. Marten, grantor, to Rick L. Button, grantee.  This note will be deleted from any subsequent policy when issued.

Note:
24 month chain of title and last deed of conveyance: The following is shown for informational purposes only and not for the purposes of insuring:  Title to the estate or interest shown in Schedule A was acquired by an instrument dated June 17, 2011 and recorded on June 22, 2011 as  (instrument) 201106280003487 of the Official Records of Clark County, Nevada from District Judge, on behalf of Rick L. Button, deceased, grantor, to Cheri Button, grantee.  This note will be deleted from any subsequent policy when issued.

Note:
24 month chain of title and last deed of conveyance: The following is shown for informational purposes only and not for the purposes of insuring:  Title to the estate or interest shown in Schedule A was acquired by an instrument dated October 31, 2011 and recorded on November 2, 2011 as  (instrument) 201111020001858 of the Official Records of Clark County, Nevada from Cheri Button, an unmarried woman who acquired title as Cheri Button, grantor, to Carl Bassett, a married man, grantee.  This note will be deleted from any subsequent policy when issued.

Note:
24 month chain of title and last deed of conveyance: The following is shown for informational purposes only and not for the purposes of insuring:  Title to the estate or interest shown in Schedule A was acquired by an instrument dated December 27, 2011 and recorded on December 27, 2011 as  (instrument) 201112270002498 of the Official Records of Clark County, Nevada from Carl Bassett, spouse of the grantee, grantor, to Kalyn Bassett, a married woman as her sole and separate property, grantee.  This note will be deleted from any subsequent policy when issued.

ALTA 2006 Commitment  (Sale)

Issued by Netco, Inc. 401 Fountain Lakes Boulevard,Saint Charles, MO  63301

Underwritten by Stewart Title Guaranty Company

File Number: NNV-1161860

## Appendix A

Lot Six Hundred Fifty (650) in Block Twenty-One (21) of Desert Hills Unit No. 6, as shown by map thereof on file in Book 7 of Plats, Page 39, in the Office of the County Recorder of Clark County, Nevada.

Commonly known as: 4740 Glenn Davis Street, Las Vegas, NV  89121

Parcel Number: 161-20-811-005

ALTA 2006 Commitment  (Sale)

# EXHIBIT 4

**Netco, Inc.**

7345 S. Pecos Road, Suite 103, Las Vegas, NV 89120
(702) 434-1417

| | |
|---|---|
| File Number: | NNV-1161860 |
| Loan Number: | |
| Close Date: | 1/31/2012 |
| Disbursement Date: | |

## COMBINED CLOSING STATEMENT

Borrower(s)   ROBERTO CHAVEZ VILLALTA AND JANET LUZ VELASQUEZ CALDERON
4740  Glenn Davis Street
Las Vegas, NV 89121

Seller(s):   KALYN BASSETT
2034 Stable Circle
Washington, UT 84780

Property:   4740 GLENN DAVIS STREET
LAS VEGAS, NV  89121  (CLARK)
(161-20-811-005)

| Description | Borrower Debit | Borrower Credit | | Seller Debit | Seller Credit |
|---|---|---|---|---|---|
| **Deposits, Credits, Debits** | | | | | |
| Contract sales price | $57,000.00 | | | | $57,000.00 |
| Deposit or Earnest Money | | $3,000.00 | | | |
| Earnest money retained by Roberto Chavez Villalta and Janet Luz Velasquez Calderon | | | | | |
| Disbursed as proceeds ($3,000.00) | | | | | |
| **Prorations** | | | | | |
| County taxes 1/31/2012 to 6/30/2012 @ $342.23/Year | $141.58 | | | | $141.58 |
| SEWER 1/31/2012 to 6/30/2012 @ $229.70/Year | $94.77 | | | | $94.77 |
| REPUBLIC SERVICES 1/31/2012 to 4/1/2012 @ $40.02/Quarter | $26.83 | | | | $26.83 |
| Seller credit Buyer for repairs  to | | $750.00 | | $750.00 | |
| **Commissions** | | | | | |
| $1,710.00 to Real Estate One, LLC | | | | | |
| $1,710.00 to EXIT REALTY | | | | | |
| Commission paid at Settlement | | | | $3,420.00 | |
| Doc Transacton Fee to Real Estate One, LLC | | | | $395.00 | |
| Doc Transaction Fee to EXIT REALTY | $460.00 | | | | |
| **Title Charges** | | | | | |
| Settlement or closing fee to Netco, Inc.    $500.00 | $500.00 | | | $500.00 | |
| Owner's coverage $57,000.00 Premium $625.00 to Netco, Inc. | | | | $625.00 | |
| ALTA ENDORSEMENT 8.1-06    (Environmental Protection Lien) - Paragraph b refer Endorsement(s) to Netco, Inc. | | | | | |
| **Recording Fees** | | | | | |
| Recording fees: Deed $41.00 | $41.00 | | | | |
| State tax/stamps: Deed $290.70 | | | | $290.70 | |
| COURT ORDER to Netco: Pass Thru    $41.00 | | | | $41.00 | |
| E FILING FEES to Netco: Pass Thru    $10.00 | $5.00 | | | $5.00 | |
| **Additional Charges** | | | | | |
| ATTORNEY FEES to THOMAS E. CROWE, PROFESSIONAL LAW CORP. | | | | $1,300.00 | |
| 4TH QUARTER 2011-2012 TAXES to CLARK COUNTY TREASURER | | | | $85.56 | |
| SEWER to Clark County Water Reclamation    $229.70 | | | | $229.70 | |
| REPUBLIC SERVICES to REPUBLIC SERVICES | | | | $40.02 | |
| **Totals** | $58,269.18 | $3,750.00 | | $7,681.98 | $57,263.18 |

Balance Due FROM Borrower:    $54,519.18        Balance Due TO Seller:    $49,581.20

### APPROVED AND ACCEPTED

BORROWER(S)                                    SELLER(S)

_____                _____
ROBERTO CHAVEZ VILLALTA                         KALYN BASSETT

_____
JANET LUZ VELASQUEZ CALDERON

E FILED
THOMAS E. CROWE, ESQ.
THOMAS E. CROWE PROFESSIONAL
LAW CORPORATION
tcrowelaw@yahoo.com
Nevada State Bar no. 3048
2830 S. Jones Blvd.
Suite 3
Las Vegas, Nevada 89147
(702) 794-0373

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA
* * * * * *

| | | |
|---|---|---|
| In re: | ) | BANKRUPTCY NUMBER: |
| | ) | BK-S-09-28379-MKN |
| CARL A. BASSETT, DBA EBB | ) | Chapter 11 |
| ENTERPRISES, INC. DBA APEX | ) | |
| APPRAISAL, | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | Date: 3/7/12 |
| _____ | ) | Time: 9:30 a.m. |

## PROPOSED ORDER RE: MOTION TO APPROVE SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS

This matter having come on for hearing on this 7th day of March, 2012, THOMAS E. CROWE, ESQ., attorney for Debtor, having been present, proper notice having been given, no opposition having been presented, and for good cause appearing therefor:

IT IS HEREBY ORDERED THAT the sale of the property, located 4740 Glenn Davis Street, Las Vegas, Nevada, is hereby approved for the sum of $57,000.00.

IT IS FURTHER ORDERED THAT the sale will result in payment of all commissions, fees, escrow and title charges as customary in Clark County, Nevada, per the agreement contained Preliminary Title Report, Purchase Agreement and Settlement Statement.

IT IS FURTHER ORDERED THAT all liens and encumbrances on the property will be paid as listed on the Preliminary Title Report and the Settlement Statement.

IT IS FURTHER ORERED THAT Attorney's fees to THOMAS E. CROWE PROFESSIONAL LAW CORPORATION, in the amount of $1,300.00, shall be paid from funds from the sale of the house.

Submitted by:

THOMAS E. CROWE PROFESSIONAL
LAW CORPORATION

/s/THOMAS E. CRPWE
THOMAS E. CROWE, ESQ.
2830 S. Jones Blvd. , Suite 3
Las Vegas, NV  89146
Attorney for Debtor

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

____ The court has waived the requirement of approval under LR 9021(b)(1).

____ No party appeared at the hearing or filed an objection to the motion.

__ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

____I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

###