Jonas V. Anderson, Attorney
State Bar # VA 78240
*jonas.v.anderson@usdoj.gov*
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
300 Las Vegas Boulevard, So., Suite 4300
Las Vegas, Nevada 89101
Tel.: (702) 388-6600, Ext. 227
Fax: (702) 388-6658

E-filed on January 15, 2013

Attorney for the Acting United States Trustee
    AUGUST B. LANDIS

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>**CARL A. BASSETT**<br><br>                   Debtor. | Case No: BK-S-09-28379-MKN<br><br>Chapter 11<br><br>Date: February 20, 2013<br>Time: 9:30 a.m.<br>Place: Foley Courtroom 2 (Third Floor) |

**MOTION OF THE ACTING UNITED STATES TRUSTEE,
PURSUANT TO 11 U.S.C. § 1112(b) AND FEDERAL RULES OF BANKRUPTCY
PROCEDURE 1017(f) AND 9014, TO CONVERT CHAPTER 11 CASE TO CHAPTER 7,
OR IN THE ALTERNATIVE TO DISMISS THE CASE**

To the Honorable MIKE K. NAKAGAWA, Chief United States Bankruptcy Judge:

    August B. Landis, Acting United States Trustee for Region 17 (the "Acting United States Trustee"), hereby brings the *Motion of the Acting United States Trustee, Pursuant to 11 U.S.C. § 1112(b) and Federal Rules of Bankruptcy Procedure 1017(f) and 9014, to Convert Chapter 11 Case to Chapter 7, or in the Alternative to Dismiss the Case* (the "Motion"). The Acting United States Trustee seeks conversion of the above-captioned case filed by debtor Carl A. Bassett (the "Debtor"). Specifically, the Acting United States Trustee requests that the Court enter an order converting this case from Chapter 11 to a case under Chapter 7 of title 11

of the United States Code. 11 U.S.C. §§ 101-1532.[1]

The Acting United States Trustee respectfully submits that conversion of this case under Section 1112(b)(1) is warranted here because the Motion will demonstrate "cause" by a preponderance of the evidence within, *inter alia*, the meaning of Sections 1112(b)(4)(K), 1112(b)(4)(N), and 1112(b)(4)(H).

If, however, the Court determines that conversion is inappropriate for any reason, the Acting United States Trustee requests in the alternative that the Court either dismiss this case pursuant to Section 1112(b) or set a specific deadline, pursuant to Section 105(d)(2)(B), by which Debtor (1) must pay all fees required under 28 U.S.C. § 1930(a)(6); and (2) must file all past-due operating reports. Moreover, given that Debtor has not paid these fees for more than three years nor filed an operating report to account for any month that has elapsed in this case since June 2010, the Acting United States Trustee respectfully requests that if the Court elects to set the aforementioned deadline, then Debtor's case be converted to Chapter 7 if Debtor fails to comply. (*See Declaration of Donna Jensen*, attached hereto as "Exhibit A").

The Acting United States Trustee further submits that the present state of the record in this case does not support any qualification of, or statutory defense to, the Motion under Section 1112(b)(2) or Section 1104(a). The Acting United States Trustee therefore respectfully requests that the Court enter an order granting the Motion and converting this case.

The Acting United States Trustee also requests that the Court take judicial notice of the pleadings and documents filed in this bankruptcy case pursuant to FRBP 9017 and Federal Rule of Evidence 201. To the extent that the Motion contains factual assertions predicated upon statements made by Debtor or by Debtor's agents in documents filed in this case, the Acting

---

[1] Hereafter, all references to "Section" in the Motion are to provisions of the Bankruptcy Code, 11 U.S.C. section 101 et. seq., unless otherwise indicated. All references to "FRBP" are to the Federal Rules of Bankruptcy Procedure.

United States Trustee submits that such factual assertions are supported by admissible evidence in the form of admissions of a party opponent under FRBP 9017 and Federal Rule of Evidence 801(d)(2).

The Motion is supported by the following Memorandum of Points and Authorities and further evidence and argument entertained by this Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### BACKGROUND FACTS AND PROCEDURAL POSTURE

1. On or about September 30, 2009, Debtor filed a voluntary Chapter 13 petition with the Court. (Dkt. 1). The Court entered an order on February 19, 2010 converting the case to Chapter 11. (Dkt. 83).

2. On or about September 24, 2010, the Court issued an order confirming Debtor's "First Modified Plan of Reorganization" (the "Confirmed Plan").[2] (Dkt. 168). The Confirmed Plan provides, in pertinent part:

> United States Trustee Fees. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter on the Code. Any U.S. Trustee fees owed on or before the effective date of this Plan will be paid on the effective date.. (Dkt. 168 at 4, ¶ 3.04).
>
> . . .
>
> Effective Date of Plan. The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation. (Dkt. 168 at 7, ¶ 7.02).

---

[2] In the Ninth Circuit, "[a] bankruptcy court [may] properly convert[] [a] Chapter 11 reorganization plan to a Chapter 7 liquidation pursuant to 11 U.S.C. § 1112(b), which permits conversion for cause." *See Smith v. Lee (In re Smith)*, 141 F.3d 1179 (9th Cir. 1998) (affirming *Smith v. Lee (In re Smith)*, 201 B.R. 267 (D. Nev. 1996)). *See also Carey v. Flintridge Lumber Sales, Inc. ( In re RJW Lumber Co.)*, 262 B.R. 91, 93 (Bankr. N.D. Cal. 2001) ("Congress specifically made both inability to effectuate substantial confirmation of a confirmed plan and material default by a debtor with respect to a confirmed plan grounds for conversion of a Chapter 11 case to Chapter 7. . . . These provisions make no sense if there is no point to Chapter 7 administration.") (citing *Smith*, 201 B.R. at 267, *aff'd* 141 F.3d 1179 (9th Cir.1998)) (additional citations omitted).

3. The Court's official docket in this case discloses that:

- Debtor has failed to pay an estimated $3,900.00 in United States trustee fees required under 28 U.S.C. § 1930(a)(6), and Debtor has not paid fees since approximately 2009. (*See Declaration of Donna Jensen*, attached hereto as "Exhibit A").

- Debtor has not filed an operating report to account for any month since June 2010, approximately two and a half years ago. (*See Declaration of Donna Jensen*, attached hereto as "Exhibit A"; Dkt 157).

## JURISDICTION AND VENUE

4. The Bankruptcy Court has original and exclusive jurisdiction over Debtor's bankruptcy case pursuant to 28 U.S.C. § 1334(a). The Bankruptcy Court also has subject matter jurisdiction to adjudicate the contested matter presented by the Motion pursuant to 28 U.S.C. § 1334(b) as the relief sought under Section 1112(b)(1) constitutes a civil proceeding arising under the Bankruptcy Code.[3]

5. Adjudication of the Motion constitutes a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (O). The filing of a motion pursuant to FRBP 1017(f)(1) initiates a contested matter governed by FRBP 9014. Venue of Debtor's bankruptcy case and the contested matter presented by the Motion are proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The Acting United States Trustee has standing to prosecute the Motion pursuant to Sections 307 and 1112 and FRBP 1017 and 9014. *See Stanley v. McCormick, Barstow, Sheppard, Wayte & Carruth (In re Donovan Corp.)*, 215 F.3d 929, 930 (9th Cir. 2000) ("The United States Trustee may be heard on any issue in any case or proceeding under title 11.").

---

[3] In addition, the Bankruptcy Court retains specific jurisdiction to convert a case in which a plan has been confirmed under Chapter 11, to a case under Chapter 7. *See Smith v. Lee (In re Smith)*, 201 B.R. 267, 274 (D. Nev. 1996) *aff'd*, 141 F.3d 1179 (9th Cir. 1998) (affirming a bankruptcy court's order converting a confirmed Chapter 11 case to a case under Chapter 7, and holding that the bankruptcy court retained appropriate jurisdiction to convert the case).

The Acting United States Trustee brings this Motion pursuant to his statutory duty to monitor bankruptcy cases under 28 U.S.C. § 586(a)(3).

### ARGUMENT SUMMARY

7. Cause exists to convert this case under Section 1112(b)(1). The Acting United States Trustee respectfully submits that of the enumerated examples of "cause" set forth in Section 1112(b)(4), cause exists under Sections 1112(b)(4)(K), 1112(b)(4)(N), and 1112(b)(4)(H). Debtor has failed to pay an estimated $3,900.00 in fees required under 28 U.S.C. § 1930(a)(6). (*See Declaration of Donna Jensen*, attached hereto as "Exhibit A"). Debtor is therefore in material default with respect to the terms of the Confirmed Plan. Debtor has also failed to file operating reports to account for any month or annual quarter since June 2010. (*See Declaration of Donna Jensen*, attached hereto as "Exhibit A"). The applicable United States Trustee Guidelines require a reorganized debtor to "file a quarterly report . . . until the entry of a final decree." (*See Region 17 United States Trustee Guidelines*, ¶ 7.2, "attached hereto as "Exhibit B"). Thus, the relief requested in the Motion should be granted, and this bankruptcy case should be converted to a case under Chapter 7.

8. The discussion that follows will begin by addressing the statutory standard for conversion or dismissal under Sections 1112(b)(1) and 1112(b)(4). It will then describe the qualifications or statutory defenses to the relief requested in the Motion, as set forth in Sections 1112(b)(2) and 1112(c). For the reasons outlined below, the Court should not apply these qualifications or defenses in the present case.

9. The Motion will also demonstrate that neither of the alternative forms of relief expressly set forth in Section 1104(a)—potentially available here by express reference to that statutory provision in Section 1112(b)(1)—is permissible here. The remedies provided in

Section 1104(a) are available exclusively "before confirmation of a plan," and a plan has already been confirmed in this case. 11 U.S.C. §§ 1104(a). (*See* Dkt. 168).

10. The Acting United States Trustee respectfully submits that the Motion will demonstrate by a preponderance of the evidence that conversion of Debtor's bankruptcy case to a case under Chapter 7 is the most appropriate remedy. The Court should therefore grant the relief requested in the Motion and order conversion of the case pursuant to Section 1112(b)(1).

ARGUMENT

**I.     *Cause Exists Under 11 U.S.C. §§ 1112(b)(1) and 1112(b)(4) to Convert or Dismiss Debtor's Bankruptcy Case.***

11. The text of Section 1112(b)(1) provides:

> Except as provided in paragraph (2) and subsection (c), on request of a party in interest,[4] and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

12. "Cause," as used in Section 1112(b)(1), is defined in Section 1112(b)(4) as follows:

> For purposes of this subsection, the term 'cause' includes--
>
> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
>
> (B) gross mismanagement of the estate;

---

[4] By its terms, Section 1112(b)(1) grants any "party in interest" standing to seek any of the remedies available under that statutory provision. Although not expressly mentioned among the illustrative examples of parties in interest in Section 1109(b), the Acting United States Trustee is a "party in interest" for purposes of seeking the relief requested in the Motion. *See In re South Beach Securities, Inc.*, 606 F.3d 366, 371 (7th Cir. 2010) (holding that the United States Trustee is a "'party in interest' when he seeks to protect the rules and procedures of bankruptcy"); *A-1 Trash Pickup, Inc. v. United States Trustee (In re A-1 Trash Pickup)*, 802 F.2d 774, 777 (4th Cir. 1986) (concluding the United States Trustee "is a 'party in interest' within the meaning of § 1112(b)"); 11 U.S.C. § 307 (granting the Acting United States Trustee statutory standing to raise and appear and be heard on any issue arising under title 11).

      (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;

      (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;

      (E) failure to comply with an order of the court;

      (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

      (G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;

      (H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);

      (I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;

      (J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;

      (K) failure to pay any fees or charges required under chapter 123 of title 28;

      (L) revocation of an order of confirmation under section 1144;

      (M) inability to effectuate substantial consummation of a confirmed plan;

      (N) material default by the debtor with respect to a confirmed plan;

      (O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and

      (P) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

    13. Here, Debtors case was converted from Chapter 13 to Chapter 11 in February 2010, and the Court issued an order confirming Debtor's "First Modified Plan of Reorganization" in

September 2010. (Dkt. 168 ). As recited above, Debtor has failed to pay an estimated $3,900.00 in fees required under 28 U.S.C. § 1930(a)(6), including fees Debtor was required to pay prior to plan confirmation and fees Debtor was required to pay by the effective date of the Confirmed Plan. (*See Declaration of Donna Jensen*, attached hereto as "Exhibit A"; Dkt. 168 at 7, ¶ 7.02). In addition, Debtor has failed to file operating reports to account for any month or annual quarter since June 2010, approximately two and a half years ago. (*See Declaration of Donna Jensen*, attached hereto as "Exhibit A"). Debtor's failure to discharge these duties constitutes cause to convert this Chapter 11 case to Chapter 7, pursuant to Section 1112(b)(1).

    **A.** *Cause exists under 11 U.S.C. §§ 1112(b)(1), 1112(b)(4)(K), and 1112(b)(4)(N) because Debtor has failed to pay fees or charges required under chapter 123 of title 28, and the Confirmed Plan requires payment of these fees.*

14. Section 1112(b)(4)(K) provides that cause for conversion or dismissal of a debtor's bankruptcy case includes the "failure to pay any fees or charges required under chapter 123 of title 28."

15. Section 1930(a)(6)—within chapter 123 of title 28 of the United States Code—provides for the continued accrual of quarterly United States trustee fees until a chapter 11 bankruptcy case is either converted or dismissed. 28 U.S.C. § 1930(a)(6). Since neither of these statutory events has yet occurred in Debtor's bankruptcy case, quarterly U.S. Trustee fees have accrued throughout the pendency of the case.

16. The Ninth Circuit holds that 28 U.S.C. § 1930(a)(6) requires reorganized debtors to continue to pay U.S. Trustees fees after their plan has been confirmed, and to do so according to the disbursement schedule provided in § 1930(a)(6). *In re Celebrity Home Entertainment, Inc.*, 210 F.3d 995, 998 (9th Cir. 2000) ("Congress amended § 1930(a)(6) . . . to extend quarterly fees payable by Chapter 11 debtors to the U.S. Trustee into the post-confirmation period.") (citation omitted). The Eleventh Circuit has adopted the Ninth Circuit's reasoning in holding the same.

*Walton v. Jamko, Inc. (In re Jamko, Inc.)*, 240 F.3d 1312, 1316 (11th Cir. 2001) ("There is ample support . . . in the legislative history [of § 1930(a)(6)] and case law, including the Ninth Circuit's decision in *Celebrity Home*, to conclude that Congress intended the UST fee to apply to all disbursements made during the entire process . . . before or after confirmation.") .

17. The record in this case discloses that Debtor has not paid an estimated $3,900.00 in fees required under 28 U.S.C. § 1930(a)(6). (*See Declaration of Donna Jensen*, attached hereto as "Exhibit A"). Cause therefore exists within the meaning of Sections 1112(b)(1) and 1112(b)(4)(K) to convert or dismiss this Chapter 11 case due to Debtor's failure to pay fees required under chapter 123 of title 28.

18. In addition, the record in this case discloses that Debtor's failure to pay fees required under 28 U.S.C. § 1930(a)(6) violates two express provisions of the Confirmed Plan. This violation is a separate and distinct basis for cause under Section 1112(b) because it represents a "material default by the debtor with respect to a confirmed plan" 11 U.S.C. § 1112(b)(4)(N).

19. First, as recited above, the Confirmed Plan states that "[a]ll fees required to be paid by 28 U.S.C. § 1930(a)(6) (U.S. Trustee fees) will accrue and be timely paid until the case is closed, dismissed, or converted." (Dkt. 168 at 4, ¶ 3.04). This case has not been closed, dismissed, or converted since the Court entered its order Confirming the Confirmed Plan, and an estimated $3,900.00 of fees required under 28 U.S.C. § 1930(a)(6) remain unpaid. (*See Declaration of Donna Jensen*, attached hereto as "Exhibit A"). Debtor's failure to pay these fees is a "material default . . . with respect to a confirmed plan"[5] and is cause to convert or dismiss the case under Section 1112(b). 11 U.S.C. § 1112(b)(4)(N).

---

[5] The Confirmed Plan provides that "the laws of the State of Nevada govern this Plan and any agreements, documents, and instruments executed in connection with this Plan." (Dkt. 168 at 7, ¶

20. Second, the Confirmed Plan requires that "[a]ny U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date." (Dkt. 168 at 4, ¶ 3.04). The effective date was "the eleventh business day following the date of the entry of order of confirmation," or approximately October 11, 2010. (Dkt. 168 at 7, ¶ 7.02). The record in this case discloses that Debtors continue to owe U.S. Trustee fees for all four quarters of 2010. (*See Declaration of Donna Jensen*, attached hereto as "Exhibit A"). For this additional reason, Debtor is in "material default . . . with respect to a confirmed plan." 11 U.S.C. § 1112(b)(4)(N).

21. Debtor's failure to pay fees required by 28 U.S.C. § 1930(a)(6) and failure to comply with material terms of the Confirmed Plan constitute separate and distinct bases for cause to convert Debtor's case under Section 1112(b). Accordingly, the Acting United States Trustee respectfully requests that the Court issue an order converting this case to a case under Chapter 7. 11 U.S.C. §§ 1112(b)(1), (b)(4)(K), (b)(4)(N).

**B.** *Cause exists under 11 U.S.C. §§ 1112(b)(1) and 1112(b)(4)(H) because Debtor has failed to timely provide information reasonably requested by the United States trustee.*

22. Section 1112(b)(4)(H) provides that cause for conversion or dismissal of a debtor's bankruptcy case includes the "failure timely to provide information . . . reasonably requested by the United States Trustee." 11 U.S.C. § 1112(b)(4)(H). Operating reports epitomize information that is "reasonably requested by the United States Trustee." 11 U.S.C. § 1112(b)(4)(H). Under 28 U.S.C. § 586(a)(3)(D), the United States trustee is charged with "taking such action as the United States trustee deems to be appropriate to ensure that all

---

7.06). Under Nevada Law, the time for performance under a contract is "of the essence" and material to the contract if the time of performance is expressly provided therein. *See Mayfield v. Koroghli*, 184 P.3d 362, 366 (Nev. 2008). *See also In re Hook*, 469 B.R. 62, 66-67 (D. Colo. 2011) (affirming bankruptcy court's dismissal of an individual Chapter 11 case under Section 1112(b)(4)(N) based on debtor's default on payments to taxing authorities that were provided for in debtor's confirmed plan).

Page -10-

reports, schedules, and fees required to be filed under title 11 and this title by the debtor are properly and timely filed." Operating reports are necessary for the calculation and assessment of fees that Debtor is obligated to pay under 28 U.S.C. § 1930(a)(6). *See also Celebrity Home*, 210 F.3d at 998. It follows that a debtor cannot comply with 28 U.S.C. § 1930(a)(6) without disclosing the debtor's disbursements to the United States trustee. For this reason, it is both reasonable and necessary for the Acting United States Trustee to require an accounting of Debtor's disbursements in monthly and quarterly operating reports, as set forth in applicable United States Trustee guidelines. (*See Region 17 United States Trustee Guidelines*, ¶ 7.2, "attached hereto as "Exhibit B").

23. Here, Debtor has not filed an operating report to account for any month since June 2010. (*See Declaration of Donna Jensen*, attached hereto as "Exhibit A"; Dkt 157). Debtor has thus failed to file pre-petition reports for July, August and September 2010, and post-confirmation reports for the last quarter of 2010 and all four quarters of 2011 and 2012. In all, Debtor has failed to file approximately twelve (12) operating reports required under applicable United States Trustee Guidelines. (*See Region 17 United States Trustee Guidelines*, ¶ 7.2, "attached hereto as "Exhibit B"; *In re Serron Investments, Inc.*, CC-11-1625, 2012 WL 2086501, at *6 (B.A.P. 9th Cir. June 8, 2012) ("The UST has a statutory duty and authority to require, monitor and seek court enforcement of a chapter 11 debtor's compliance with the UST's guidelines and reports.") (citing 28 U.S.C. § 586(a)(3)(D)). Debtor's failure to file any of these reports since June 2010 constitutes cause to convert Debtor's case to a case under Chapter 7, pursuant to Sections 1112(b)(1) and 1112(b)(4)(H).

24. Accordingly, the Acting United States Trustee respectfully requests that the Court grant the relief requested in the Motion and convert Debtor's bankruptcy case to a case under Chapter 7.

**II.**     *Once Cause is Established, Debtor has the Burden of Establishing All Elements of the Statutory Defense Available Under 11 U.S.C. § 1112(b)(2).*

25.  The burden of proof to establish a *prima facie* case of cause belongs here to the Acting United States Trustee as the movant seeking relief under Section 1112(b)(1).  *Sydnor*, 431 B.R. at 590–591 (stating that Section 1112 applies a burden shifting approach that assigns to the movant the initial burden of establishing a *prima facie* case of cause for conversion or dismissal of a debtor's Chapter 11 bankruptcy case).  Once cause is established, the burden then shifts to the respondent to establish unusual circumstances demonstrating that the requested conversion or dismissal is not in the best interests of creditors and the bankruptcy estate.  *Id.* at 591 ("The burden is upon the respondent to prove such unusual circumstances.").  The standard of proof is by preponderance of the evidence.  *In re Comscape Telecommunications, Inc.*, 423 B.R. 816, 830 (Bankr. S.D. Ohio 2010).

26.  It is important to note that in assessing any potential defense that Debtor or other respondents may interpose here, courts have held that the statutory requirement of unusual circumstances must be predicated upon facts other than those that generally come to pass in Chapter 11 bankruptcy cases.  *Sydnor,* 431 B.R. at 591 ("[U]nusual circumstances cannot solely be facts that are common to Chapter 11 cases generally."); *Landmark Atlantic Hess Farm, LLC,* 448 B.R. 707, 712 (Bankr. D. Md. 2011) (same); *In re Orbit Petroleum, Inc*. 395 B.R. 145, 148 (Bankr. D.N.M. 2008) (same).

27.  The present state of the record does not disclose any unusual circumstances that would counsel against granting the relief requested in the Motion.  Therefore, subject to any evidence that may be adduced by Debtor or by other respondents to the Motion, there does not appear to be sufficient evidence to support any defense to the relief requested in the Motion under the "unusual circumstances" clause found in Section 1112(b)(2).  Accordingly, the relief

requested in the Motion should be granted, and Debtor's bankruptcy case should be converted to a case under Chapter 7.

28.  In addition to the statutory requirement that Debtor establish unusual circumstances within the meaning of Section 1112(b)(2), Debtor or other respondents must establish the requirements set forth in Section 1112(b)(2)(A)–(b)(2)(B).  Section 1112(b)(2) provides:

> The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, *and* the debtor or any other party in interest establishes that–
>
> (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; *and*
>
> (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)
>
> > (I) for which there exists a reasonable justification for the act or omission; *and*
> >
> > (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2) (emphasis added).

29.  It is important to note that Debtor must establish each of the statutory elements set forth under Section 1112(b)(2) as the statute is written in the conjunctive, and enforcement of Section 1112(b)(2) according to its express terms would not yield an absurd result here.  *In re Om Shivai, Inc*. 447 B.R. 459 (Bankr. D.S.C. 2011) ("The construction of [Section 1112(b)(2)] makes it clear that all of the elements set forth in [Section 1112(b)(2)] must be satisfied to protect the debtor from conversion or dismissal."); *Landmark Atlantic*, 448 B.R. at 717 (same).

30. Debtor must first demonstrate a reasonable justification for the acts or omissions that form the factual predicates for the relief requested in the Motion.[6] 11 U.S.C. § 1112(b)(2)(B)(I). This statutory requirement stands separate and apart from whether Debtor may be able to cure any of the acts or omissions which form the basis for the relief requested in the Motion. *See* 11 U.S.C. § 1112(b)(2)(B)(ii).

31. The Acting United States Trustee respectfully submits that it is unlikely that there exists a reasonable justification for (1) Debtor's failure to pay an estimated $3,900.00 in fees required under 28 U.S.C. § 1930(a)(6) (*see Declaration of Donna Jensen*, attached hereto as "Exhibit A"); and (2) Debtor's failure to file an operating report to account for any month or annual quarter since June 2010. (*See id.*). (*See* Dkt.).

32. Nevertheless, if the Court ultimately determines that Debtor can establish that Debtor has a reasonable justification for the acts and omissions that form the basis of the relief requested in the Motion, the Acting United States Trustee respectfully submits that any period of time granted to Debtor under Section 1112(b)(2)(B)(ii) be relatively short in light of the length of time that has passed since Debtor last paid U.S. Trustee fees and last filed an operating report, and that Debtor's case be converted to Chapter 7 if Debtor fails to comply.

33. The Acting United States Trustee respectfully submits that the present state of the record before the Court does not support the existence of unusual circumstances under Section 1112(b)(2) that would render the relief requested in the Motion not in the best interests of Debtor's creditors. Nor does the record support the existence of the statutory elements required to establish a defense to the Motion under Section 1112(b)(2). In addition, the appointment of

---

[6] Because the Court has already issued an ordering confirming a plan in this case, the Acting United States Trustee does not assert that Debtor fails to satisfy Section 1112(b)(2)(A).

an examiner or Chapter 11 trustee is not an available remedy to the relief requested in the Motion because a plan has already been confirmed in this case. (Dkt. 168). 11 U.S.C. § 1104.

34. Conversion of this case is a more appropriate remedy than dismissal because in the past two and a half years the Debtor has failed to file any of the required disclosures concerning the financial status estate assets and of assets that vested in Debtor at confirmation. (*See* Dkt.). *See In re JZ L.L.C.*, 371 B.R. 412, 418 (B.A.P. 9th Cir. 2007) ("Section 1141(b) [of the Bankruptcy Code] vests all of the property of the estate, scheduled and unscheduled, in the debtor upon plan confirmation, unless the court or plan provides otherwise.") (citation omitted). If such assets exist, once the case is converted to Chapter 7 the assets would become property of a Chapter 7 estate and would be available for administration and distribution by an independent trustee. *See In re Consolidated Pioneer Mortg. Entities,* 264 F.3d 803, 808 n.5 (9th Cir. 2001) ("[P]roperty revested in the Debtor upon confirmation becomes property of a Chapter 7 estate upon conversion . . . [to be] held for the benefit of creditors." (*Id.*) (citations omitted). *See also In re Calania Corp.*, 188 B.R. 41, 43 (Bankr. M.D. Fla. 1995) ("[P]roperties which were subject to the confirmed plan . . . will be properties of the estate in a Chapter 7 case"). The Acting United States Trustee therefore requests that the Court issue an order converting this case to a case under Chapter 7. The Acting United States Trustee does not, however, object to the Court dismissing this case if the Court ultimately determines that such relief, as opposed to the remedy of conversion, is in the best interests of Debtor's creditors.

///

///

///

///

**WHEREFORE**, the Acting United States Trustee respectfully requests that the Court enter an order (a) granting the Motion; (b) converting Debtor's bankruptcy case to a case under Chapter 7; and (c) commanding such other relief as the Court deems just under the circumstances.

Dated: January 15, 2013

    Respectfully submitted,

    **AUGUST B. LANDIS**
    **THE ACTING UNITED STATES TRUSTEE**

    By: */s/ Jonas V. Anderson*
        Jonas V. Anderson, Esq.
        Attorney for the Acting United States Trustee