Scott Andrew Farrow
Acting Assistant United States Trustee
State Bar # WI 1000609
*scott.a.farrow@usdoj.gov*

Jonas V. Anderson, Attorney
State Bar # VA 78240
*jonas.v.anderson@usdoj.gov*

E-filed on March 26, 2014

**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
300 Las Vegas Boulevard, So., Suite 4300
Las Vegas, Nevada 89101
Tel.: (702) 388-6600, Ext. 227
Fax: (702) 388-6658

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>CARL BASSETT<br><br>                    Debtor. | Case No: BK-S-09-28379-MKN<br><br>Chapter 11<br><br>Date: April 9, 2014<br>Time: 9:30 a.m.<br>Place: Foley Courtroom 2 (Third Floor) |

### OPPOSITION TO MOTION TO REINSTATE CHAPTER 11 PROCEEDING

To the Honorable MIKE K. NAKAGAWA, Chief United States Bankruptcy Judge**:**

Tracy Hope Davis, United States Trustee for Region 17 (the "United States Trustee"), hereby brings this *Opposition to Motion to Reinstate Chapter 11 Proceeding* (the "Opposition"). The United States Trustee files the Opposition in response to the *Motion to Reinstate Chapter 11 Proceeding* ("Motion") filed by debtor Carl Bassett ("Debtor") on March 6, 2014. [Docket No. 209]. For the reasons set forth herein, the United States Trustee respectfully requests that the Court deny the Motion.

///

///

**ARGUMENT SUMMARY**

1. The Motion fails as a matter of law and as a matter of fact.

2. The Motion fails as a matter of law because it provides no legal basis for its assertions.

3. The Motion fails as a matter of fact because it provides none of the evidence required under Federal Rule of Bankruptcy Procedure ("FRBP") 9024 and Federal Rule of Civil Procedure ("FRCP") 60(b), which is the appropriate legal framework for a motion to reinstate a Chapter 11 case that has been dismissed under 11 U.S.C. § 1112.

**ARGUMENT**

4. A bankruptcy court's order to convert or dismiss a case under 11 U.S.C. § 1112(b) is a final order that is appealable under 28 U.S.C. § 158. *See* 28 U.S.C. §§ 157(b)(1), (b)(2)(A), (b)(2)(O) (providing that an order that "adjust[s] the debtor-creditor . . . relationship" is a "core proceeding" and therefore "subject to review under section 158 of this title." *See also In re Westgate Properties, Ltd.*, 432 B.R. 720, 722 (Bankr. N.D. Ohio 2010) ("This type of proceeding, to Dismiss or Convert, . . . directly affects the creditor-debtor relationship . . . and is a core proceeding over which this Court has authority to enter final orders and judgments in this matter."). As such, a motion to reinstate a case that has been dismissed under 11 U.S.C. § 1112 must be analyzed as a motion to vacate the prior order of dismissal. *See Cole v. Household Fin. (In re Cole)*, 382 B.R. 20, 24–25 (Bankr. E.D.N.Y. 2008) (a motion to reinstate seeks relief from the order dismissing the case)*; In re Searcy*, 313 B.R. 439, 442 (Bankr. W.D. Ark.2004) ("[T]he only effect a motion to reinstate can have in a case is to vacate the order of dismissal.")*; Diviney v. NationsBank of Texas (In re Diviney)*, 211 B.R. 951, 962 (Bankr.N.D.Okla.1997) (responding to an argument that a reinstatement order did not vacate a dismissal order, the court stated "[a]lthough couched as a motion to reinstate, the motion can

only be considered a motion to vacate the [d]ismissal [o]rder"); *France v. Lewis & Coulter, Inc. (In re Lewis & Coulter, Inc.),* 159 B.R. 188, 191 (Bankr. W.D. Pa. 1993) (motion to reinstate Chapter 11 case "should be construed as a motion to vacate the order" dismissing the case).

5. A motion to vacate an order of dismissal is governed by FRBP 9024, which in turn incorporates FRCP 60.

6. Here, the Court's *Order Dismissing Case* [Docket No. 205] is a final order and the Motion must be treated as a request to vacate that order. Thus, the Court should analyze the Motion in the context of FRCP 60, as well as rules and case law that are applicable to FRCP 60.

7. The Motion does not cite any rules or case law in support of its requested remedy, and the Motion therefore fails as a matter of law. *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a motion for reconsideration is properly denied when the movant fails to establish any legal basis justifying relief). For this reason alone, the Court should deny the Motion.

8. The Court should also deny the Motion because it fails as a matter of fact, in that it does not provide any evidence to support its assertions. The remedy provided by Rule 60 "is extraordinary, and special circumstances must justify granting relief under it." *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987). A motion for reconsideration fails if it does not set forth "facts or law of a 'strongly convincing nature' in support of reversing the prior decision." *Eruchalu v. U.S. Bank, Nat. Ass'n*, No. 12-cv-01264-MMD-VCF, 2014 WL 496949 (D. Nev. Feb. 6, 2014) (citing *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003)). The Motion does not provide a factual basis for the Court to find special circumstances that would justify granting the relief requested, and the Motion does not provide

any evidence—let alone evidence of a strongly convincing nature.  For this additional reason, the Court should deny the motion.

**WHEREFORE**, the United States Trustee respectfully requests that the Court enter an order denying the Motion and commanding such other relief as the Court deems just under the circumstances.

Dated: March 26, 2014

        Respectfully submitted,

**TRACY HOPE DAVIS**
**UNITED STATES TRUSTEE REGION 17**

By:  */s/ Jonas V. Anderson*
Jonas V. Anderson, Esq.
United States Department of Justice
*Attorney for the United States Trustee*

300 Las Vegas Blvd. South, Suite 4300
Las Vegas, Nevada  89101
Telephone:  (702) 388-6600, Ext 227
*jonas.v.anderson@usdoj.gov*

## C‍ERTIFICATE OF M‍AILING

I hereby certify that I served, by depositing in the U.S. Mail, postage fully prepaid, envelopes containing a true and correct copy of the foregoing to:

Carl A. Bassett
10624 S. Eastern Ave. Suite A-320
Las Vegas, NV 89052
*Debtor*

Thomas E. Crowe, Esq.
2830 S. Jones Blvd. # 3
Las Vegas, NV 89146
*Attorney for Debtor*

Dated: March 26, 2014

By:   /s/ Jonas V. Anderson
Jonas V. Anderson, Esq.
United States Department of Justice
*Attorney for the Acting United States Trustee*